**Michael Cadett MAPES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–00631–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 7, 2006.

Rehearing Overruled April 6, 2006.

---

James L. Steele, Houston, for appellants.

Dan McCrory, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices FOWLER and FROST.

## MAJORITY OPINION

ADELE HEDGES, Chief Justice.

Appellant Michael Cadett Mapes appeals his conviction for felony driving while intoxicated (DWI). In two points of error, appellant complains that the trial court erred in denying his motion to quash a

jurisdictional paragraph and his motion for directed verdict. We affirm.

### Background

Appellant was charged with DWI in 2003. The indictment alleged two previous DWI convictions to enhance the 2003 offense to felony DWI under Section 49.09(b)(2) of the Texas Penal Code. TEX. PEN.CODE ANN. § 49.09(b)(2) (Vernon 2003).[1] Claiming that his 2000 conviction is void, appellant timely filed a Motion to Quash a Jurisdictional Paragraph of the Indictment, which the trial court denied. At the close of the State's evidence, appellant moved for a directed verdict. At the close of all the evidence, the trial court found appellant guilty as charged in the indictment and sentenced appellant to two years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

In his first point of error, appellant contends that the trial court erred in denying his motion to quash a jurisdictional paragraph. Appellant argues that because the punishment assessed in his 2000 DWI conviction fell below the statutorily-authorized range, the 2000 conviction is void and therefore cannot be used to elevate his 2003 offense to a felony.[2] According to appellant, the district court lacked jurisdiction because district courts have jurisdiction only over felony DWI offenses; appellant's 2003 offense was not a felony because the void 2000 conviction could not be used to enhance.[3] We review a trial court's ruling on a motion to quash

---

1. Documents admitted at trial show that appellant had been convicted of DWI in 1993 and in 2000.

2. A conviction for felony DWI requires proof of two prior DWI convictions. TEX. PEN.CODE ANN. § 49.09(b)(2). *See also Barfield v. State,* 63 S.W.3d 446, 448 (Tex.Crim.App.2001).

3. TEX. CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005) (stating that felony DWI offenses are tried in either the district courts or the criminal district courts).

de novo. *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004).

■ In his second point of error, appellant alleges that the trial court erred when it denied his motion for a directed verdict because the evidence was legally insufficient to support his conviction. We treat a complaint about a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *Williams v. State,* 937 S.W.2d 479, 482 (Tex.Crim.App.1996). In evaluating the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vasquez v. State,* 67 S.W.3d 229, 236 (Tex. Crim.App.2002).

We will consider both of appellant's points of error together.

### *Punishment and Void Convictions*

■ In Texas, the punishment assessed must always be within the minimum and maximum fixed by law; if the punishment assessed is less than the minimum provided by law, the judgment of conviction is rendered a nullity. *Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App.2003); *Wilson v. State,* 677 S.W.2d 518, 524 (Tex. Crim.App.1984). Texas courts consistently have held convictions to be void when prior enhancing convictions were also void. *See Wilson,* 677 S.W.2d at 524 (finding that a prior conviction was void because it fell below the statutory range of punishment); *Ex Parte Burt,* 499 S.W.2d 109, 110 (Tex. Crim.App.1973) (stating that earlier enhancing convictions were void because appellant was indigent, was not represented by counsel, and had not waived his right to counsel); *Renshaw v. State,* 981 S.W.2d 464, 466 (Tex.App.-Texarkana 1998, pet. ref'd) (finding conviction void because

State did not prove prior convictions at trial); *State v. Kindred,* 773 S.W.2d 766, 768 (Tex.App.-Corpus Christi 1989, no pet.) (finding that earlier convictions were not final and were therefore void).

### *DWI Offenses: Classification, Punishment, and Jurisdiction*

■ Texas Penal Code Section 49.04(b) classifies the offense of DWI as a Class B misdemeanor and requires a minimum punishment of seventy-two hours' confinement. TEX. PEN.CODE ANN. § 49.04(b). The maximum term of confinement for a Class B misdemeanor is 180 days. TEX. PEN.CODE ANN. § 12.22 (Vernon 2003). The offense of DWI enhanced by one previous DWI conviction becomes a Class A misdemeanor and requires a minimum term of confinement of thirty days. TEX. PEN.CODE ANN. § 49.09(a) (Vernon 2003). The maximum term of confinement for a Class A misdemeanor is one year. TEX. PEN.CODE ANN. § 12.21 (Vernon 2003). The offense of DWI enhanced by two previous DWI convictions becomes a third degree felony. TEX. PEN.CODE ANN. § 49.09(b)(2). The two prior DWI convictions are jurisdictional elements of a felony DWI offense, and they must be proved to obtain a felony DWI conviction. *Barfield v. State,* 63 S.W.3d 446, 448 (Tex.Crim. App.2001). Class A and B misdemeanor DWI offenses are tried in the county courts, while felony DWI offenses are tried in either the district courts or the criminal district courts. TEX.CODE CRIM. PROC. ANN. arts. 4.05, 4.07 (Vernon 2005).

### *Appellant's 2000 DWI*

■ Appellant pleaded guilty to DWI in 2000. The information for that conviction described a 1993 conviction for DWI, which elevated the 2000 conviction from a Class B to a Class A misdemeanor. TEX.

PEN.CODE ANN. § 49.04(a) (Vernon 2003). Appellant states that in his 2000 guilty plea, the judge admonished that the maximum punishment for his offense was one year, which comports with the maximum Class A misdemeanor punishment. On the 2000 judgment, the judge checked the box denoting "misdemeanor" and circled the letter "A" for class of misdemeanor, as opposed to "B" or "C." However, the judge imposed a punishment of only twenty-four days, which falls below the minimum punishment required by statute, and also circled "N/A" for the "Plea to Enhancement Paragraph(s)" and the "Findings on Enhancement(s)" sections.

Clearly, the imposed twenty-four day confinement falls below the minimum thirty-day confinement required by statute for Class A misdemeanor DWIs. The judge's designation of "Misdemeanor Class A" combined with the twenty-four day punishment period indicates that appellant was convicted of a Class A misdemeanor DWI but was sentenced outside the statutory range for such an offense. Because the twenty-four day sentence falls below the statutory minimum, appellant's 2000 DWI conviction is void. *Mizell*, 119 S.W.3d at 806; *Wilson*, 677 S.W.2d at 524.

The State argues that appellant was actually convicted of a Class B misdemeanor DWI because the judge circled "N/A" under both the "Plea to Enhancement Paragraph(s)" and "Findings on Enhancement(s)" sections on the 2000 judgment. The State contends that these notations indicate that appellant's 2000 DWI conviction was not enhanced by his 1993 DWI conviction and that the judge must have circled "A" in the "Misdemeanor Class" section by mistake. The State alleges that because appellant's non-enhanced 2000 DWI conviction was a Class B misdemeanor, the twenty-four day sentence fell within the applicable seventy-two hour to 180-day statutory range. However, the State's analysis is misguided.

The State appears to interpret Penal Code Section 49.09 as a punishment enhancement statute analogous to Penal Code Sections 12.43 and 12.42, which describe the penalties for repeat and habitual felony and misdemeanor offenders. TEX. PEN.CODE ANN. §§ 12.42, 12.43 (Vernon 2003). However, Texas courts have drawn a clear distinction between enhancement of a punishment and enhancement of a DWI offense. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex.Crim.App.1999). As the Court of Criminal Appeals explained in *Gibson:*

> The prior intoxication-related offenses, whether they are felonies or misdemeanors, serve the purpose of establishing whether the instant offense qualifies as felony driving while intoxicated. The prior intoxication-related offenses are elements of the offense of driving while intoxicated.

*Id.* The court then concluded that "prior intoxication-related convictions serve the purpose of enhancing the offense in Section 49.09(b) whereas prior convictions used in Section 12.42(d) serve the purpose of enhancing punishment" and further noted that Section 49.09(b) should not be viewed as a punishment-enhancement statute like Section 12.42(d). *Id.; see also Martin v. State*, 84 S.W.3d 267, 268–69 (Tex.App.-Beaumont 2002, pet. ref'd). Thus, two prior DWI convictions are required elements of the offense of felony DWI under Section 49.09(b), and the punishment enhancements under Sections 12.42 and 12.43 do not apply in the felony DWI context. *Gibson*, 995 S.W.2d at 696; *see also Weaver v. State*, 87 S.W.3d 557, 560 (Tex.Crim.App.2002); *Barfield*, 63 S.W.3d at 448. Likewise, one prior DWI is a required element of the offense of Class A misdemeanor DWI under Section 49.09(a), to which the punishment enhance-

ments under Sections 12.42 and 12.43 do not apply. *Gibson*, 995 S.W.2d at 696. Because the punishment enhancements in Sections 12.42 and 12.43 are inapplicable in the context of enhanced DWI offenses, pleas and findings regarding punishment enhancements are unnecessary. *See Barfield*, 63 S.W.3d at 448 (stating that separate plea to enhancement paragraphs was unnecessary in felony DWI case because previous DWI convictions are elements of the felony DWI offense).

Consequently, rather than indicating that appellant had been convicted of a Class B misdemeanor, the trial judge's notation of "N/A" in the enhancement sections of the 2000 DWI judgment reflects that enhancement pleas and findings were inapplicable and unnecessary in that case. This interpretation of the judgment is also consistent with the trial judge having classified the offense as a Class A misdemeanor. In light of the above precedent and the logical implications of the judge's markings, we find that the judgment convicted appellant of a Class A misdemeanor DWI but sentenced him below the minimum statutory requirement of thirty days. Consequently, the 2000 conviction is void.

▬▬ Nevertheless, we find that appellant is estopped from complaining about his void 2000 conviction on appeal because he enjoyed the benefit of the twenty-four day sentence. A defendant has an absolute and nonwaivable right to be sentenced within the proper range of punishment established by the legislature. *Speth v. State*, 6 S.W.3d 530, 532–33 (Tex.Crim. App.1999). However, even if a defendant cannot waive such a right, the doctrine of invited error may estop him from asserting it on appeal. *Ex Parte Shoe*, 137 S.W.3d 100, 102 (Tex.App.-Fort Worth 2004, pet. granted). In *Shoe*, the appellant was convicted of DWI in 1997 pursuant to a plea bargain agreement. *Id.* at 100.

The trial judge sentenced Shoe to forty days in jail but failed to impose a mandatory minimum fine. *Id.* In 2002, Shoe applied for a writ of habeas corpus, arguing that his 1997 conviction was void because the punishment fell below the minimum statutory requirement. *Id.* The trial court denied Shoe's application for habeas corpus. *Id.* The Court of Appeals held that Shoe was estopped from challenging the void 1997 conviction because he had accepted the benefit of the lesser sentence when he entered into the plea bargain agreement and benefited by not having to pay the fine. *Id.* at 102. Similarly, appellant entered into a plea bargain agreement in 2000 and benefitted from the short twenty-four day sentence. As the court stated in *Shoe*: "Appellant should not now be permitted to challenge the lesser sentence—the benefit he received and for which he bargained—because events since the sentence was assessed now make that sentence less appealing to him." *Id.* at 102–03.

We find that the evidence is legally sufficient to support appellant's felony DWI conviction. Because appellant is estopped from challenging his 2000 DWI conviction, viewing the evidence in a light most favorable to the verdict, we find that a reasonable trier of fact could have found that the State proved beyond a reasonable doubt that appellant had at least two prior valid convictions for DWI. Therefore, the trial court's denial of appellant's motion for a directed verdict was proper.

Similarly, we find that the trial court did not err by denying appellant's motion to quash a jurisdictional paragraph because having proved that appellant had two prior DWI convictions, the State established the requisite elements of felony DWI; therefore, the district court had jurisdiction over the case. Accordingly, we overrule

both of appellant's points of error and affirm the judgment of the trial court.

## RESPONSE TO DISSENTING OPINION

The dissent disagrees with the majority's position that appellant is estopped from complaining that his 2001 DWI conviction is void because he enjoyed the benefit of the 24–day illegal sentence. The dissent primarily contends that the majority's analysis is contrary to several decisions by the Court of Criminal Appeals. We believe that those cases are not controlling.

First, the dissent cites *Mizell v. State,* in which the Court of Criminal Appeals stated that punishments less than the statutory minimum are illegal, void, and subject to attack on direct appeal, habeas corpus, or in any court with jurisdiction. 119 S.W.3d 804, 806 (Tex.Crim.App.2003). We do not contest this general principle; however, we do not believe that *Mizell* sheds any light on the key issue of estoppel. As the *Mizell* court specifically noted: "We need not here address the question of whether a defendant might, in some circumstances, be estopped from complaining, after he had enjoyed its benefits, that his sentence was illegal or 'void' because it was below the statutory minimum." *Id.* at 807 n. 8.

Next, the dissent argues that the majority's decision conflicts with the Court of Criminal Appeals' holdings in *Ex Parte Williams,* 65 S.W.3d 656 (Tex.Crim.App. 2001), *Fullbright v. State,* 818 S.W.2d 808 (Tex.Crim.App.1991), and *Heath v. State.* 817 S.W.2d 335 (Tex.Crim.App.1991). However, we find these cases to be distinguishable from the present case.

For example, the dissent interprets *Heath* as holding that principles of estoppel do not apply to void sentences, even when the defendant has enjoyed the bene-fits of his plea bargain for an impermissibly lenient sentence. However, although the *Heath* court addressed the State's estoppel argument in its opinion, its fundamental holding does not turn on that issue.

In *Heath,* a plea bargain case involving an unauthorized grant of probation, a four-judge plurality held that both the order placing the defendant on probation and the order revoking his probation were void because the defendant was ineligible for court-ordered probation. 817 S.W.2d 335, 337 (Tex.Crim.App.1991). After finding the plea bargain to be unenforceable, the court remanded the cause to the trial court with orders that the trial court withdraw the defendant's plea and that the defendant replead to the indictment. *Id.* The court relied on *Shannon v. State,* which held that "when a defendant, who has entered a negotiated plea of guilty, challenges the conviction and is successful, the appropriate remedy is specific performance of the plea, if possible, or, if not, withdrawal of the plea, with both parties, *including the State,* returned to their original positions." *Id.* at 337 (citing *Shannon v. State,* 708 S.W.2d 850, 852 (Tex.Crim. App.1986)) (emphasis in original).

In its opinion on rehearing, the *Heath* court reiterated its prior holdings: (1) if a punishment is not authorized by law, the sentence is void; (2) appellant did not waive the issue by failing to complain in the trial court because a defect that renders a sentence void may be raised at any time; and (3) when the void sentence is obtained as a result of a plea bargain agreement, where specific performance is not an alternative, the remedy is to order the plea of guilty withdrawn and to return the parties, including the State, to their original positions. *Id.* Additionally, the court addressed the State's argument that estoppel principles should prevent the defendant from complaining about the State's

motion to revoke the unauthorized probation because the defendant had enjoyed the benefit of it. *Id.* at 338–39. At the end of its discussion, the court overruled three cases that seemed to hold that a defendant is estopped from complaining when the State moves to revoke his probation if that probation was not authorized in the first place. *Id.* at 339.

Despite this discussion, the *Heath* court's fundamental holding on rehearing does not involve estoppel principles. Rather, the *Heath* court's holding simply reaffirms the *Shannon* holding that "in plea bargain situations where the defendant successfully challenges the conviction and specific performance is not an alternative, the only remedy is to order the plea withdrawn and return the parties to their original positions." *Id.* at 340. The court also emphasized that its reliance on *Shannon* in its original opinion was proper. *Id.*

Furthermore, in *Ex Parte Williams,* the Court of Criminal Appeals drew a distinction between unauthorized probation orders and illegal sentences, and held that the *Heath* court erred in applying a legal doctrine regarding sentences to facts involving a probation order. 65 S.W.3d 656, 658 (Tex.Crim.App.2001). Although the *Williams* court mentioned that the State raised an estoppel argument, *Williams* does not control the present estoppel issue because the court's analysis and holding address only the distinction between sentences and probation and whether the defendant was entitled to habeas relief. *Id.* at 658. Because *Heath* and *Williams* involved probation orders rather than sentences and because their holdings ultimately do not address estoppel, we disagree with the dissent's conclusion that *Williams* extends *Heath's* estoppel analysis to situations involving void sentences.

The dissent also believes that the majority's position conflicts with the Court of Criminal Appeals' decision in *Fullbright v. State,* 818 S.W.2d at 810. However, like *Heath, Fullbright* involved the unauthorized grant of probation rather than a void sentence. *Id.* at 809–10. In *Fullbright,* the defendant, who was indicted for aggravated robbery, filed a motion to quash an enhancement allegation, arguing that his prior conviction was void because the court had ordered unauthorized probation. *Id.* at 809. Citing *Heath,* the court reiterated the general principles that a sentence unauthorized by law is void and that a defect that renders a sentence void can be raised at any time. *Id.* at 810. Without discussing estoppel, the Court of Criminal Appeals held that the court of appeals erred by holding that the defendant could not raise the issue on appeal, and it remanded the cause to the trial court for a new punishment hearing. *Id.* at 809, 811.

In addition to the fact that *Fullbright* addressed an unauthorized grant of probation rather than a void sentence, we do not consider it controlling in the instant case because *Fullbright* focuses on the concept of waiver rather than estoppel. As Justice Keller remarked in her concurring opinion in *Williams:* "estoppel [is] distinct from waiver and 'is part of the definition of what can constitute error, and quite reasonably defines error of which a party may complain as excluding those actions of the trial court actually sought by the party to the tribunal.' " 65 S.W.3d at 658 (Keller, J., concurring); *see also Prystash v. State,* 3 S.W.3d 522, 531 (Tex.Crim.App.1999) (explaining in an erroneous jury charge case that there is "a crucial distinction between the rules of waiver and the law of invited error," and that the doctrine of invited error is properly thought of as estoppel, not as a form of waiver). In answering the question of whether "any error capable of rendering a judgment or sentence void can be subject to estoppel," Justice Keller

asserted that all errors except for subject matter jurisdiction are subject to estoppel and concluded that "by accepting the plea agreement, appellant gained a bargained-for benefit that should now estop him from challenging the trial court's authority." *Williams,* 65 S.W.3d at 659–60 (Keller, J., concurring). Although *Williams* also involved an unauthorized grant of probation, because the issue in the present case is whether appellant is estopped from complaining about the void 2001 conviction because he enjoyed the benefit of that sentence pursuant to a plea bargain, we find Justice Keller's analysis to be more instructive than the court's decision in *Fullbright.*

The dissent cites several cases in support of its assertion that "courts of appeals have recognized the continued validity of the legal doctrines stated in *Fullbright* and *Heath* as applied to illegal sentences rather than probation orders." We disagree.

In the first case cited by the dissent, *Rhodes v. State,* the court referred in a footnote to *Fullbright's* holding that "the State may not rely upon a punishment that is 'not authorized by law' for enhancement purposes." 175 S.W.3d 348, 352 n. 1 (Tex.App.-Houston [1st Dist.] 2004, pet. filed). The court also reiterates the principle that punishments unauthorized by law are void and states that issues regarding void sentences cannot be waived. *Id.* However, the issue in the instant case involves enhancement of an offense, not a punishment, and the *Rhodes* court, like the *Fullbright* court, makes no mention of the effect of estoppel on a void conviction.

Secondly, the dissent notes that in *Scott v. State,* a case in which the defendant was not assessed a mandatory fine, the court of appeals cited *Heath* and ordered a new punishment hearing even though the defendant benefitted from an improperly lenient sentence. 988 S.W.2d 947, 948 (Tex.

App.-Houston [1st Dist.] 1999, no pet.). The court reasoned that a sentence outside the statutory limits is absolutely void and cannot be waived. *Id.* Importantly, however, this case was decided before *Williams.* Furthermore, like *Fullbright, Scott* does not address the difference between estoppel and waiver and it focuses on punishment rather than enhancement of an offense.

Finally, the dissent correctly states that in *Ortiz v. State,* this court cited *Heath* in discussing the law regarding illegal sentences. Nos. 14–00–00646–CR, 14–00–00647–CR, 14–00–00648–CR, 2001 WL 1249257, at *1 (Tex.App.-Houston [14th Dist.] October 18, 2001, no pet.) (not designated for publication). However, *Ortiz* merely reiterates the established principle that illegal sentences are void; it does not address estoppel. *Id.*

For these reasons, we believe that reliance on *Ex Parte Shoe* is proper in this case and that appellant is estopped from complaining about his void prior conviction because he enjoyed the benefit of the lesser sentence. 137 S.W.3d 100, 102 (Tex. App.-Fort Worth 2004, pet. granted).

FROST, J. dissenting.

KEM THOMPSON FROST, Justice, dissenting.

The majority correctly holds that appellant was convicted in 2000 for Class A misdemeanor driving while intoxicated ("DWI") and that this conviction is void because the punishment assessed was below the statutory minimum. However, the majority errs in adopting the reasoning of *Ex parte Shoe* that, while appellant cannot waive his right to challenge this void judgment, he can be estopped from asserting that it is void because he enjoyed the benefits of the sentence. *See* 137 S.W.3d 100, 102 (Tex.App.-Fort Worth 2004, pet.

granted). *Shoe* contradicts existing law and should not be followed.

**Although the estoppel issue is currently pending before the Court of Criminal Appeals, existing precedent compels the rejection of estoppel principles in challenges to void judgments.**

On March 3, 2000, after appellant pleaded guilty to Class A misdemeanor DWI, a county criminal court-at-law sentenced him to twenty-four days' confinement, even though the minimum statutory term of confinement for such an offense is thirty days. The majority correctly concludes that, because this sentence fell outside the statutory range of punishment for this offense, it was unauthorized by law and illegal, making the judgment in that case void. *See, e.g., Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App.2003) (stating that, if punishment assessed is less than the minimum provided by law, the sentence is unauthorized and illegal, making the judgment of conviction void and subject to attack on direct appeal, by habeas corpus, or in any court with jurisdiction over a criminal case). Although the majority recognizes that appellant cannot waive his right to be sentenced within the proper range of punishment, the majority concludes that appellant is estopped from complaining about this void conviction because he enjoyed the benefits of his twenty-four day, plea-bargained sentence. *See ante* at p. 660. The conclusion reached by the majority (and by the *Shoe* court) is contrary to at least three decisions from the Court of Criminal Appeals—*Williams v. State, Heath v. State,* and *Fullbright v. State.*[1] *See ante* at p. 660; *Ex parte Shoe,* 137 S.W.3d at 101 (stating that this estoppel issue was an issue of first impression in Texas); *Ex parte Williams,* 65 S.W.3d 656,

657–58 (Tex.Crim.App.2001) (disapproving of *Heath* to the extent that it extended legal rules regarding illegal sentences to a probation order but indicating that those legal rules are correct as to illegal sentences); *Fullbright v. State,* 818 S.W.2d 808, 809–10 (Tex.Crim.App.1991) (holding that appellant was not barred from asserting that prior conviction was void, even if he already had accepted the benefits of the lenient sentence thereunder and stating that a defendant may raise a defect that renders a sentence void at any time); *Heath v. State,* 817 S.W.2d 335, 338–39 (Tex.Crim.App.1991) (holding, in four-judge plurality opinion, that appellant, who enjoyed the benefits of his plea bargain for an impermissibly lenient and void sentence, was not estopped from asserting that his sentence was void because principles of estoppel do not apply to illegal sentences, which are void), *overruled in part on other grounds by Ex parte Williams,* 65 S.W.3d at 656–57.

In *Fullbright,* the Fort Worth Court of Appeals held that Fullbright was barred from complaining about his allegedly illegal sentence for a prior offense because he already had accepted the benefits of that lenient sentence. *See Fullbright,* 818 S.W.2d at 809. The Court of Criminal Appeals noted that such complaints may be raised at any time and rejected the intermediate court's application of estoppel principles to a conviction that is void based on an illegal sentence. *See id.* at 809–10. The *Fullbright* court also held that the trial court committed harmful error in denying the Fullbright's motion to quash an enhancement allegation regarding this void conviction in an indictment regarding a subsequent offense. *See id.* at 810–11.

---

1. The Court of Criminal Appeals concluded in *Mizell* that it did not need to address this estoppel issue, which is not the same as stat-

ing that the court has never addressed that issue in the past. *See Mizell,* 119 S.W.3d at 806 n. 8.

In *Heath*, a four-judge plurality of the Court of Criminal Appeals also rejected the State's argument that an appellant was estopped from asserting the illegality of a prior sentence because he already had enjoyed the benefits of that sentence. *See Heath*, 817 S.W.2d at 338–39. The appellant in *Heath* had pleaded guilty to the charged offense of aggravated robbery based on a plea bargain agreement. *See id.* at 336. The trial court found him guilty, followed the plea bargain agreement, assessed punishment at ten years' confinement, and suspended imposition of the sentence, placing him on probation for ten years. *Id.* The State later moved to revoke the probated sentence. *Id.* The trial court held a hearing, revoked Heath's probation, and sentenced him to eight years' confinement. The court of appeals affirmed. *Id.* On original submission, the *Heath* plurality affirmed the following legal principles: (1) a judgment inflicting punishment not authorized by law is void; (2) Heath did not waive the issue by failing to complain in the trial court because a defect that renders a sentence void may be raised at any time; and (3) when the void sentence is obtained as a result of a plea bargain agreement, and specific performance is not an alternative, the proper remedy is to order the guilty plea withdrawn and to return the parties, including the State, to their original positions. *See id.* at 336–37. The Court of Criminal Appeals reversed the judgment of the court of appeals and remanded the case to the trial court with orders to withdraw Heath's plea and have Heath re-plead to the indictment. *See id.*

On rehearing in *Heath*, the State argued that the Court of Criminal Appeals erred on original submission by failing to apply the doctrine of estoppel. *See id.* at 338. The *Heath* plurality analyzed and disapproved of several prior cases and noted that the Court of Criminal Appeals has long held that illegal sentences are void. *See id.* at 339. The *Heath* plurality recognized the following principles: (1) when a plea bargain calls for a sentence not authorized by law, the defendant's plea must be withdrawn; (2) if the court applied the doctrine of estoppel in situations in which the parties and the trial court unknowingly enter into unauthorized plea bargain agreements, it would be treating those errors as punishment error only, which is incompatible with the concept of negotiated pleas and reflects a theory that the Court of Criminal Appeals has specifically disavowed; and (3) estoppel does not apply to a challenge to an illegal sentence. *See id.* at 339–40.

In both *Fullbright* and *Heath*, the Court of Criminal Appeals applied precedents regarding illegal sentences and rejected the application of estoppel principles to challenges to what it determined were illegal sentences. *See Fullbright*, 818 S.W.2d at 809–10; *Heath*, 817 S.W.2d at 338–39. However, in *Williams*, the Court of Criminal Appeals held that the *Heath* plurality erred to the extent it extended legal doctrines regarding sentences to probation orders. *See Ex parte Williams*, 65 S.W.3d at 657–58. According to the *Williams* court, the *Heath* plurality improperly equated an unauthorized order of probation with an illegal sentence. *See id.* Although the *Williams* court did not mention *Fullbright*, *Fullbright* seems to have erred to the same extent. *See id.* The *Williams* court disapproved of *Heath* on this limited basis only. *See id.* The *Williams* court discusses *Heath*, including its rejection of the applicability of estoppel principles, and then indicates that the *Heath* court's statement of legal doctrines relating to sentences was correct but that in *Heath* the court erroneously extended

these principles to probation orders.[2] *See id.* After *Williams,* courts of appeals have recognized the continued validity of the legal doctrines stated in *Fullbright* and *Heath* as applied to illegal sentences rather than probation orders. *See Rhodes v. State,* 175 S.W.3d 348, 352 n. 1 (Tex.App.-Houston [1st Dist.] 2004, pet. filed) (noting that the Court of Criminal Appeals partially abrogated *Fullbright* but that the remainder of *Fullbright* is still good law); *Scott v. State,* 988 S.W.2d 947, 948–49 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (citing *Heath* as good law in non-probation case regarding illegal sentence); *Ortiz v. State,* No. 14-00-00646-CR, 2001 WL 1249257, at *1 (Tex.App.-Houston [14th Dist.] Oct. 18, 2001, no pet.) (relying on *Heath's* statement of the law as to illegal sentences but noting that *Williams* overruled *Heath* in part on other grounds) (not designated for publication).

Appellant's 2000 conviction does not involve an allegedly unauthorized probation order. Therefore, the part of *Fullbright* and *Heath* disapproved in *Williams* is not an issue in this case. Under *Fullbright, Heath,* and *Williams,* the Court of Criminal Appeals has instructed this court that the doctrine of estoppel does not apply to situations like the one presented in this case—appellant's assertion that his 2000 conviction is void based on an illegal sentence. *See Ex parte Williams,* 65 S.W.3d at 657–58; *Fullbright,* 818 S.W.2d at 809–10; *Heath,* 817 S.W.2d at 338–39. This issue is once again before the Court of Criminal Appeals in the *Shoe* case. Although the estoppel issue has been submitted in *Shoe,* to date, the Court of Criminal Appeals has not ruled. This court, as an intermediate court of appeals, is bound by controlling authority from the Court of

Criminal Appeals. *See Zarychta v. State,* 44 S.W.3d 155, 162 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd). Because controlling authority from our high court requires this court to reject the State's estoppel argument, the majority errs in following the analysis of the Fort Worth Court of Appeals in *Shoe* instead of precedent from the Court of Criminal Appeals in *Fullbright, Heath,* and *Williams. See, e.g., Scott v. State,* 988 S.W.2d 947, 948–50 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (holding sentence that was below the statutory minimum was void in a situation in which appellant had benefitted from the lesser sentence).

**Even absent controlling precedent, estoppel should not apply to complaints about a void judgment that can be raised at any time.**

Even without the above-discussed controlling precedent, the better rule is to bar the application of estoppel in these situations because Texas law holds judgments containing illegal sentences to be void judgments that may be challenged at any time. Judgments assessing punishment outside the statutory range of punishment are not void for lack of jurisdiction. *See Ex parte Seidel,* 39 S.W.3d 221, 225 & n. 4 (Tex.Crim.App.2001) (stating that judgments imposing unauthorized sentences do not create a lack of jurisdiction). Nonetheless, the Court of Criminal Appeals has stated that such unauthorized judgments impose illegal sentences and are nullities from the beginning. *See Mizell,* 119 S.W.3d at 806 & n. 7 (stating that sentence outside the range of punishment is illegal, rendering the judgment void and subject to direct or collateral attack); *Ex parte Seidel,* 39 S.W.3d at 225 & n. 4 (stating that these judgments impose illegal sen-

---

**2.** In response, Presiding Judge Keller issued an opinion concurring in the judgment and asserting that estoppel principles should ap-

ply. *See Ex parte Williams,* 65 S.W.3d at 658–60 (Keller, P.J., concurring in the judgment).

tences and are a nullity from the beginning); *Fullbright,* 818 S.W.2d at 809 (holding that defect that renders sentence void may be raised at any time); *Heath,* 817 S.W.2d at 339 (stating that illegal sentences are void); *Gonzales v. State,* 527 S.W.2d 540, 542 (Tex.Crim.App.1975) (finding punishment for offense of assault without the double penalty provisions below the statutory minimum and therefore void). Accordingly, parties may attack these judgments at any time, including on direct appeal, by habeas corpus, or by collateral attack. *See Ex parte Seidel,* 39 S.W.3d at 225 & n. 4 (stating that judgments that impose unauthorized sentences are a nullity from the beginning and subject to direct or collateral attack at any time); *Dillard v. State,* 77 Tex.Crim. 1, 177 S.W. 99, 107 ( 1915) (stating that assessment of punishment at less than the statutory minimum can be raised at any time because Texas courts have no right to assess punishment not authorized by Texas law) (op. on rehearing); *see also McClinton v. State,* 121 S.W.3d 768, 771–72 (Tex.Crim.App.2003) (stating, in concurring opinion by Judge Cochran, that "both trial and appellate courts may always take cognizance of an illegal or unauthorized sentence"). Because a void judgment is a legal nullity and has no binding force or effect, *see Ex parte Seidel,* 39 S.W.3d at 225, equitable principles like estoppel cannot breathe life into it.

Furthermore, because a judgment that imposes an unauthorized sentence is void, it cannot dispose of the case. The case remains pending and the parties, even though the trial court's plenary power appears to have expired, may file a motion to re-open the case to remedy the illegal sentence. *See Mizell,* 119 S.W.3d at 806 & n. 7; *Villarreal v. State,* 590 S.W.2d 938, 938–39 (Tex.Crim.App.1979) (holding that trial court had authority, five months after sentencing, to grant the State's motion to reopen punishment and assess a different and proper punishment because initial judgment contained unauthorized punishment that rendered judgment void); *Cooper v. State,* 527 S.W.2d 898, 898–99 (Tex. Crim.App.1975) (holding that trial court did not err in resentencing appellant after he already had been confined in jail under his original sentence because original sentence was less than statutory minimum, rendering the judgment void); *Banks v. State,* 29 S.W.3d 642, 645 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (holding that trial court did not err in resentencing appellant three days after his original sentencing because his original sentence was not authorized by law and therefore void). Appellant has an absolute and nonwaivable right to be sentenced within the proper range of punishment established by the legislature. *See Speth,* 6 S.W.3d 530, 532–33 (Tex.Crim.App.1999). As the Court of Criminal Appeals has explained:

> [T]he case law … involving void sentences has viewed legislatively defined sentencing schemes that are explicit about the applicable range or category of punishment as absolute, systemic features of the system, such that their application cannot be waived. That is, a defendant's "right" to be sentenced to a term within the defined "universe of punishments applicable to the offense" is absolute and nonwaivable.

*Speth,* 6 S.W.3d at 533 n. 5.

As shown above, Texas law treats appellant's right to be sentenced within the proper range of punishment established by the legislature with a high degree of solicitude. The majority concedes that appellant cannot waive this right. Even if there were no controlling authorities specifically on the estoppel issue, given the extraordinary protections and remedies Texas law provides for this right, estoppel principles should not be applied to it.

Furthermore, the *Shoe* court's reasons for applying estoppel in this context are not convincing.[3] *See Ex parte Shoe*, 137 S.W.3d at 101–02. The *Shoe* court does not discuss the Court of Criminal Appeals's decisions in *Williams, Heath,* and *Fullbright. See Ex parte Shoe*, 137 S.W.3d at 101–02. Instead, the *Shoe* court cites a case from the Court of Criminal Appeals regarding estoppel and invited error; however, that case did not involve or mention void judgments or illegal sentences. *See Prystash v. State*, 3 S.W.3d 522, 530–32 (Tex.Crim.App.1999) (holding that invited error and estoppel barred appellant from complaining about charge error that he requested); *Ex parte Shoe*, 137 S.W.3d at 101–02 (citing *Prystash*). The *Shoe* court's reliance on California's application of waiver doctrines to unauthorized sentences is not persuasive because, unlike Texas, California courts have held that such sentences render the judgment voidable, rather than void. *See In re Marriage of Goddard*, 33 Cal.4th 49, 14 Cal.Rptr.3d 50, 55, 90 P.3d 1209 (2004) (stating that, under California law, if a court acts in excess of its jurisdiction, its judgment is voidable rather than void); *People v. Hester*, 22 Cal.4th 290, 92 Cal.Rptr.2d 641, 644–45, 992 P.2d 569 (2000) (stating that criminal defendants are estopped from complaining of unauthorized sentences to which they agreed because such unauthorized sentences do not deprive the court of fundamental jurisdiction but only constitute an act in excess of jurisdiction). The *Shoe* court also cites a statement from the Supreme Court of Indiana that is an obiter dictum that does not cite another Indiana case on point. *See Collins v. State*, 509 N.E.2d 827, 833 (Ind.1987). Additionally, the *Shoe* court fails to recognize contrary authorities from other states. *See, e.g., State v. Ohnmacht*, 342 N.W.2d 838, 842–45 (Iowa 1983) (holding that sentence outside of statutory range of punishment renders judgment void and subject to challenge at any time, without application of estoppel principles). For these reasons, this court should not follow the *Shoe* opinion, even if it were not contrary to controlling precedent from the Court of Criminal Appeals.[4]

**3.** The procedural background of *Shoe* is as follows: In 1997, Shoe received forty days in jail and no fine under a plea bargain for a DWI that occurred in 1993. The 1997 DWI conviction and an out-of-state DWI conviction were used to enhance a subsequent 1999 DWI to a felony offense. Shoe filed an application for writ of habeas corpus in the trial court pursuant to the Texas Constitution, claiming that the 1997 conviction was void because the offense required a fine of $100 to $2000 and no fine was imposed. The trial court denied the habeas application. The court of appeals determined that the sentence in the 1997 conviction was unauthorized because it fell below the minimum sentence provided by law and amounted to fundamental error. The intermediate court reversed and remanded. *Ex parte Shoe*, No. 2–02–099–CR, 2003 WL 360900, at *1–3 (Tex.App.-Fort Worth Feb.20, 2003), *rev'd*, No. 479–03, 2003 WL 22304418, at *1 (Tex.Crim.App. Oct.8, 2003). The State then filed a petition for discretionary review with the Court of Criminal Appeals and ar-

gued that the court of appeals erred by failing to address the estoppel argument raised in its appellate brief. The Court of Criminal Appeals agreed, reversed, and remanded with instructions for the intermediate court to address the estoppel argument. *Ex parte Shoe*, No. 479–03, 2003 WL 22304418, at *1 (Tex. Crim.App. Oct.8, 2003). The Fort Worth Court of Appeals, on remand, held that Shoe was estopped from complaining about his void conviction. The Court of Criminal Appeals later granted review of the intermediate court's ruling on this estoppel issue. *See Ex parte Shoe*, 137 S.W.3d 100, 102 (Tex.App.-Fort Worth 2004, pet. granted). This case has been submitted to the Court of Criminal Appeals. To date, no opinion has been issued.

**4.** Although this court cited *Shoe* in a recent case, that case did involve the estoppel issue present in the instant case and in *Shoe*, and this court did not adopt the *Shoe* court's es-

Two prior convictions for DWI are elements of the offense of felony DWI that must be proven to obtain a conviction. *See Hollen v. State,* 117 S.W.3d 798, 801–02 (Tex.Crim.App.2003). Appellant stipulated that he was driving while intoxicated at the time of the instant offense; he objected only on the ground that the 2000 conviction was void and could not be used as a basis for convicting him of felony DWI. On appeal, appellant asserts that the evidence is legally insufficient to support his conviction for felony DWI. Because the 2000 conviction is void, the State did not prove two prior convictions. However, in this bench trial, the parties' stipulations are sufficient to support a conviction on the lesser-included offense of Class A misdemeanor DWI. Therefore, rather than affirming, this court should sustain appellant's second issue, reverse the felony DWI conviction, reform the judgment to reflect a conviction for Class A misdemeanor DWI, and remand to the trial court for a new punishment hearing. *See* Tex.R.App. P. 43.2(c) (stating that the court of appeals may reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered); *Herrin v. State,* 125 S.W.3d 436, 443–45 (Tex.Crim.App.2002) (stating that, in reviewing a judgment based on a jury trial, an appellate court may reform the judgment to reflect conviction of a lesser-included offense and remand for a new punishment hearing if the evidence is legally insufficient to prove the greater offense, sufficient to support a conviction for the lesser offense, and if a jury instruction on the lesser offense was given or requested and denied); *Shute v. State,* 877 S.W.2d 314, 314 (Tex.Crim.App.1994) (stating that, in bench trial, there is no

toppel analysis. *See Meineke v. State,* 171 S.W.3d 551, 558 (Tex.App.-Houston [14th Dist.] 2005, pet. filed) (citing *Shoe* to support the proposition that appellant could not com-

need to submit a lesser-included-offense charge to the trial court because the court is authorized to find the defendant guilty of any proven lesser-included offense and stating that finding defendant guilty of a greater offense necessarily includes a finding that the evidence is sufficient to prove the lesser offense); *Watson v. State,* 923 S.W.2d 829, 832–33 (Tex.App.-Austin 1996, pet. ref'd) (holding that, in reviewing a judgment based on a bench trial, to grant reformation reflecting conviction of a lesser-included offense, the appellate court need only conclude that the evidence is legally insufficient to prove the greater offense and sufficient to support a conviction for the lesser offense). Because the court does not do so, I respectfully dissent.

plain of enhancements and sentence to which he agreed, in case that did not involve sentences outside the statutory range of punishment).