Dismissed and Memorandum Opinion filed June 26, 2007








Dismissed and Memorandum Opinion filed June 26, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00311-CR

_______________

 

MICHAEL CADETT MAPES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 949,878

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Michael Cadett Mapes appeals the
trial court=s revocation of his bond pending appeal (the Abond@), denial of his motion challenging
this revocation, and refusal to reinstate the bond at a reasonable amount.  We
dismiss the appeal for want of jurisdiction.

Appellant was convicted[1]
of felony driving while intoxicated on June 16, 2004, and posted the bond on
July 2, 2004.  On September 29, 2005, the trial court revoked the bond 








for violation of a condition of
release.  On March 9, 2006, appellant filed a motion to challenge the
revocation and to reinstate the bond at a reasonable amount, which the trial
court denied.  Appellant=s notice of appeal was filed on April 3, 2006.

Appellant=s notice of appeal was due within
thirty days after the trial court revoked his bond.  See Tex. R. App. P.
26.2(a)(1).  Appellant did not file his notice of appeal until April 3, 2006,
which was after the expiration of the time period for filing the notice of
appeal.[2]  Even if
appellant=s motion to challenge the revocation and to reinstate the bond could be
construed as a motion for new trial that extends the period for filing a notice
of appeal to ninety days,[3] his notice of
appeal was still filed well after the ninety-day period elapsed.  The failure
to file either a timely notice of appeal or a timely motion for extension of
time to do so within fifteen days after the deadline for filing a notice of
appeal deprives this court of jurisdiction over this appeal.  See Tex.
R. App. P. 26.2(a)(1), 26.3; Slaton v. State, 981 S.W.2d 208, 211 (Tex.
Crim. App. 1998).  Accordingly, we dismiss the appeal for want of jurisdiction.

                                                                              

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed June 26, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           Appellant's conviction was affirmed by this
court on February 7, 2006.  See Mapes v. State, 187 S.W.3d 655 (Tex.
App.CHouston [14th Dist.] 2006, pet. filed). 





[2]           See Nurnberg v. State, No.
2-02-510-CR, 2002 WL 31992191, at *1 (Tex. App.CFort Worth Feb. 13, 2003, no pet.) (mem. op., not designated for
publication); cf. Perez v. State, No. 14-06-00091-CR, 2006 WL
1027058, at *1 (Tex. App.CHouston [14th Dist.] April 20, 2006, pet. dism=d) (mem. op., not designated for publication)
(deciding that appeal from trial court=s
denial of reduction in bond was untimely pursuant to rule 26.2); Ex parte
King, No. 04-05-00715-CR, 2005 WL 3297956, at *1 (Tex. App.CSan Antonio Dec. 7, 2005, no pet.) (mem. op., not
designated for publication) (same).





[3]           See Tex. R. App. P. 26.2(a)(2).