# NO. 12-07-00024-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTON LAMART OSBORN,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Anton L. Osborn appeals his conviction for possession of between one and four grams of cocaine within 1,000 feet of a school, for which he was sentenced to imprisonment for life. In two issues, Appellant argues that (1) his sentence was grossly disproportionate to the offense for which he was convicted and (2) he received ineffective assistance of counsel during his trial on punishment. We vacate Appellant's life sentence and remand.

## BACKGROUND

Appellant was charged by indictment with possession of between one and four grams of cocaine, a third degree felony.[1] The indictment further alleged that Appellant committed the offense "within 1,000 feet of real property owned by and rented to and leased to a school and school board, namely, Tyler Independent School District and Stewart Middle School...."[2]

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(c), 481.102(3)(D) (Vernon 2003 & Supp. 2007).

[2] Because the offense is alleged to have occurred within one thousand feet of a school, Appellant faced a minimum sentence of imprisonment for seven years as opposed to the two year minimum sentence of a second or third degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (Vernon Supp. 2007); *see also* TEX. PENAL CODE ANN. §§ 12.33, 12.34 (Vernon 2003).

Moreover, the indictment alleged that Appellant had been previously convicted of the felony offense of burglary of a vehicle. Appellant pleaded "guilty" as charged and the matter proceeded to a jury trial on punishment.

Appellant pleaded "true" to the enhancement paragraph in the indictment at the commencement of his trial on punishment. Ultimately, the jury assessed Appellant's punishment at imprisonment for life. The trial court sentenced Appellant accordingly, and this appeal followed.

**VOID SENTENCE**

As a preliminary matter, we address sua sponte the legality of Appellant's life sentence.[3] In Texas, the punishment assessed must always be within the minimum and maximum fixed by law; if the punishment assessed is outside the range provided by law, the sentence is void. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996); *Maples v. State*, 187 S.W.3d 655, 658 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd). A defendant has an absolute and nonwaivable right to be sentenced within the proper range of punishment established by the legislature. *See Speth v. State*, 6 S.W.3d 530, 532–33 (Tex. Crim. App. 1999); *Maples*, 187 S.W.3d at 660.

In the case at hand, Appellant was convicted of possession of between one and four grams of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(c), 481.102(3)(D). The punishment range for such an offense, considering the single enhancement allegation to which Appellant pleaded "true," is between seven and twenty years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c); TEX. PENAL CODE ANN. §§ 12.33(a), 12.42(a)(3) (Vernon 2003 & Supp. 2007). Here, the life sentence assessed by the trial court falls outside the range set forth by the

---

[3] An appellate court with criminal law jurisdiction may raise the issue of a void sentence sua sponte. *See Mizell v. State*, 119 S.W.3d 804, 805 (Tex. Crim. App. 2003).

legislature.[4] *Id.* Therefore, we hold that Appellant's sentence is void.[5] *See Mizell,* 119 S.W.3d at 806.

## DISPOSITION

Having determined that Appellant's life sentence is void, we ***vacate*** Appellant's life sentence and ***remand*** the cause to the trial court for a new sentencing hearing.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 4, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[4] Both Appellant and the State have agreed that Appellant's sentence is void because it was outside the applicable range of punishment.

[5] Having determined Appellant's sentence to be void, we do not reach Appellant's first and second issues. We further note that Appellant has only sought relief on appeal concerning his punishment.