NO. 12-07-00024-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




ANTON LAMART OSBORN,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS





MEMORANDUM OPINION


 Anton L. Osborn appeals his conviction for possession of between one and four grams of
cocaine within 1,000 feet of a school, for which he was sentenced to imprisonment for life. In two
issues, Appellant argues that (1) his sentence was grossly disproportionate to the offense for which
he was convicted and (2) he received ineffective assistance of counsel during his trial on
punishment. We vacate Appellant's life sentence and remand.


Background


 Appellant was charged by indictment with possession of between one and four grams of
cocaine, a third degree felony. (1) The indictment further alleged that Appellant committed the
offense "within 1,000 feet of real property owned by and rented to and leased to a school and 
school board, namely, Tyler Independent School District and Stewart Middle School...." (2) 
Moreover, the indictment alleged that Appellant had been previously convicted of the felony
offense of burglary of a vehicle. Appellant pleaded "guilty" as charged and the matter proceeded
to a jury trial on punishment. 

 Appellant pleaded "true" to the enhancement paragraph in the indictment at the
commencement of his trial on punishment. Ultimately, the jury assessed Appellant's punishment
at imprisonment for life. The trial court sentenced Appellant accordingly, and this appeal
followed. 


Void Sentence


 As a preliminary matter, we address sua sponte the legality of Appellant's life sentence. (3) 
In Texas, the punishment assessed must always be within the minimum and maximum fixed by
law; if the punishment assessed is outside the range provided by law, the sentence is void. See
Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); Ex parte Beck, 922 S.W.2d 181,
182 (Tex. Crim. App. 1996); Maples v. State, 187 S.W.3d 655, 658 (Tex. App.-Houston [14th
Dist.] 2006, pet. ref'd). A defendant has an absolute and nonwaivable right to be sentenced within
the proper range of punishment established by the legislature. See Speth v. State, 6 S.W.3d 530,
532-33 (Tex. Crim. App. 1999); Maples, 187 S.W.3d at 660. 

 In the case at hand, Appellant was convicted of possession of between one and four grams
of cocaine. See Tex. Health & Safety Code Ann. §§ 481.115(c), 481.102(3)(D). The
punishment range for such an offense, considering the single enhancement allegation to which
Appellant pleaded "true," is between seven and twenty years. See Tex. Health & Safety Code
Ann. § 481.112(c); Tex. Penal Code Ann. §§ 12.33(a), 12.42(a)(3) (Vernon 2003 & Supp.
2007). Here, the life sentence assessed by the trial court falls outside the range set forth by the
legislature. (4) Id. Therefore, we hold that Appellant's sentence is void. (5) See Mizell, 119 S.W.3d
at 806.

 

Disposition


 Having determined that Appellant's life sentence is void, we vacate Appellant's life
sentence and remand the cause to the trial court for a new sentencing hearing.




 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered June 4, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.




















(DO NOT PUBLISH)
1. See Tex. Health & Safety Code Ann. §§ 481.115(c), 481.102(3)(D) (Vernon 2003 & Supp. 2007).
2. Because the offense is alleged to have occurred within one thousand feet of a school, Appellant faced a
minimum sentence of imprisonment for seven years as opposed to the two year minimum sentence of a second or 

third degree felony. See Tex. Health & Safety Code Ann. § 481.134(c) (Vernon Supp. 2007); see also Tex.
Penal Code Ann. §§ 12.33, 12.34 (Vernon 2003). 
3. An appellate court with criminal law jurisdiction may raise the issue of a void sentence sua sponte. See
Mizell v. State, 119 S.W.3d 804, 805 (Tex. Crim. App. 2003).
4. Both Appellant and the State have agreed that Appellant's sentence is void because it was outside the
applicable range of punishment.
5. Having determined Appellant's sentence to be void, we do not reach Appellant's first and second issues. 
We further note that Appellant has only sought relief on appeal concerning his punishment.