# NO. 12-13-00312-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD KING MORRIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Richard King Morris appeals his conviction for felony driving while intoxicated, for which he was sentenced to imprisonment for life. In one issue, Appellant argues that the trial court's judgment is void for classifying the offense as a first degree felony. We affirm.

## BACKGROUND

Appellant was charged by indictment with driving while intoxicated (DWI). The indictment alleged that Appellant had two prior DWI convictions, thereby resulting in the charged offense's being a third degree felony.[1] The indictment further alleged that Appellant had two other prior felony convictions. As a result, Appellant faced a potential range of punishment of twenty-five to ninety-nine years or life.[2]

Prior to trial, Appellant reached a plea agreement with the State whereby he agreed to plead "guilty." In return, the State agreed to amend the indictment to charge Appellant with "first degree felony" DWI and to cause whatever sentence the jury assessed against Appellant to run concurrently to his parole. As a result of this agreement, Appellant faced a potential range of

---

[1] *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2014).

[2] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).

punishment of five to ninety-nine years or life.[3]  The trial court granted the State's motion to amend the indictment[4] and admonished Appellant on the range of punishment for a first degree felony prior to accepting his "guilty" plea as well as his pleas of "true" to the enhancement allegations.

The matter proceeded to a jury trial on punishment.  Ultimately, the jury assessed Appellant's punishment at imprisonment for life.  The trial court sentenced Appellant accordingly, and this appeal followed.

## ESTOPPEL ON APPEAL RESULTING FROM ACCEPTING BENEFIT OF PLEA BARGAIN

In his sole issue, Appellant argues that the charge against him was erroneously enhanced to a first degree felony, a classification that does not exist for driving while intoxicated, and is, therefore, void.  The State argues that Appellant should be estopped on appeal from complaining about the classification of his conviction because he enjoyed the benefit of the plea bargain, namely, the jury's being able to consider a broader range of punishment on the lower end of the range.

A defendant has an absolute and nonwaivable right to be sentenced within the proper range of punishment established by the legislature.  *Mapes v. State*, 187 S.W.3d 655, 660 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd).  However, even if a defendant cannot waive this right, the doctrine of invited error may estop him from asserting it on appeal.  *See Mapes*, 187 S.W.3d 655; *Ex parte Shoe*, 137 S.W.3d 100, 102 (Tex. App.–Fort Worth 2004), *pet. dism'd*, 235 S.W.3d 782.

In *Shoe*, the appellant was convicted of DWI in 1997 pursuant to a plea bargain agreement.  *See id.* at 100.  The trial judge sentenced the appellant to confinement for forty days but failed to impose a mandatory minimum fine.  *See id.*  In 2002, the appellant applied for a writ of habeas corpus, arguing that his 1997 conviction was void because the punishment fell below the minimum statutory requirement.  *See id.*  The trial court denied the appellant's application for habeas corpus.  *See id.*  The court of appeals held that the appellant was estopped from

---

[3] TEX. PENAL CODE ANN. § 12.32(a) (West 2011).

[4] It is unclear how this amendment resulted in Appellant's being charged with a first degree felony since the amended indictment contains substantially the same allegations as the initial indictment.  Nonetheless, the trial court and the parties thereafter operated as if Appellant had been charged with a first degree felony.

challenging the void 1997 conviction because he had accepted the benefit of the lesser sentence when he entered into the plea bargain agreement and benefited by not having to pay the fine. *See id.* at 102.

In the instant case, Appellant benefited from his plea bargain in that the jury was permitted to consider a broader range of punishment on the lower end of that range than it was legally entitled to consider. Appellant should not now be permitted to challenge the judgment of conviction for a first degree felony—the bargained-for benefit he received—because the life sentence imposed now makes the first degree classification of his conviction less appealing to him.[5] *See Mapes*, 187 S.W.3d at 660; *Shoe*, 137 S.W.3d at 102–03. Accordingly, we hold that Appellant is estopped from challenging the trial court's judgment for a first degree felony because he accepted the benefits of that classification. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

SAM GRIFFITH
Justice

Opinion delivered August 29, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[5] We note that Appellant's life sentence is within the range of punishment for a third degree felony DWI with two felony enhancements as alleged in the indictment. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 49.09(b)(2).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2014**

**NO. 12-13-00312-CR**

**RICHARD KING MORRIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. C-20,076)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*