**Benny Ray REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00635–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 26, 1990.

Willie Coleman, Richard Frankoff, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Asst. Harris County Dist. Atty., for appellee.

Before EVANS, C.J., and DUGGAN and HUGHES, JJ.

OPINION

DUGGAN, Justice.

A jury found appellant guilty of delivery of cocaine weighing more than 28 grams and less than 200 grams. The jury assessed punishment at 20 years confinement, with no fine.

The State observes that patent, unassigned error occurred at the punishment stage of trial, and proposes reformation.

The verdict, judgment, and sentence show that the jury assessed no fine, although the governing statute requires both a penitentiary confinement *and* a fine. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.112(d)(1) (Vernon Pamph.1990).

The Health and Safety Code provides a punishment range of "not more than 99 years or less than 5 years, *and* a fine not to exceed $50,000...." TEX.HEALTH & SAFETY CODE ANN. § 481.112(d)(1) (Vernon Pamph.1990) (emphasis added). The court correctly charged the jury about punishment and provided an appropriate form for a verdict; the jury wrote the word "twenty (20)" in the blank provided for the number of years assessed and wrote the words "no dollars" in the blank provided for the fine assessed. The prosecutor, defense counsel, and the trial judge did not notice the error. The improper verdict was received and filed, the jury was discharged, and the trial

court sentenced appellant in accordance with the unauthorized verdict. The clerk of the court accurately prepared a written judgment and sentence duly recording the unauthorized verdict, judgment, and sentence. Appellant has not complained of the unauthorized punishment on appeal, has not responded to the State's suggestion of correction by reformation, and has waived oral argument.

The State seeks to avoid a remand to the trial court for a new punishment hearing under TEX.CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp.1990), and proposes that this Court reform the defective judgment by *adding* a fine of 99 cents which "would not directly clash with the jury's verdict of 'no dollars.'" The State cites no authority for a reformation by additur, but urges that we do so in the interest of "judicial economy and fairness." In support of its fairness argument, the State suggests that the error stemmed from the jury's desire to minimize the financial penalty to appellant, in response to defense counsel's pleas in oral argument to spare appellant a heavy fine. We are mindful of the considerable judicial and financial expenses of a remand for a new punishment hearing if error can be corrected by reformation; however, we conclude that the law gives a court of appeals no authority to reform a verdict by imposing an additional fine.

Before the legislature amended the Code of Criminal Procedure in 1985, a court of appeals lacked authority to reform a verdict not authorized by law. *See Releford v. State,* 683 S.W.2d 385, 387 (Tex.Crim.App. 1984); *Bogany v. State,* 661 S.W.2d 957, 958 (Tex.Crim.App.1983); *Diaz v. State,* 663 S.W.2d 114, 115 (Tex.App.—Houston [1st Dist.] 1983, no pet.); TEX.CODE CRIM.P. ANN. art. 37.10(b) (Vernon Supp.1990).

In *Bogany,* a jury assessed an unauthorized fine in addition to an authorized sentence of penitentiary confinement. 661 S.W.2d at 959. This Court attempted to reform the verdict in accordance with former article 44.24(b) of the Code of Criminal

Procedure[1] by deleting the unauthorized fine. *Id.* at 958. The Court of Criminal Appeals reversed and remanded to the trial court, holding that a court of appeals could reform a judgment and sentence only "to cause those instruments to reflect the true finding of the fact finder when such a finding is reflected in the verdict or, in a bench trial, the pronouncement of the court's finding." *Id.* A court of appeals is not authorized to change a jury verdict that, because it included unauthorized punishment, was "void at its inception." *Id.* at 959.

In 1985, the legislature amended article 37.10 of the Code of Criminal Procedure by adding paragraph (b), which provides:

> If the jury assesses punishment in a case and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law. If the trial court is required to reform a verdict under this subsection and fails to do so, the appellate court shall reform the verdict as provided by this subsection.

TEX.CODE CRIM.P.ANN. art. 37.10(b) (Vernon Supp.1990).

As a result of the amendment, the Court of Criminal Appeals has modified its reasoning that a verdict containing unauthorized punishment is "void at its inception." In *Ex parte Johnson,* 697 S.W.2d 605 (Tex. Crim.App.1985), and *Ex parte Youngblood,* 698 S.W.2d 671 (Tex.Crim.App.1985), the Court of Criminal Appeals reformed judgments and sentences pursuant to article 37.10(b) by deleting unauthorized fines that were improperly assessed by juries. The court noted that "under the new law, a court is authorized to reform a verdict and judgment containing unauthorized punishment, an infirmity *that would have previously rendered the verdict void.*" *Johnson,* 697 S.W.2d at 607 (emphasis added).

1. Repealed by the Texas Rules of Appellate Procedure, effective September 1, 1986, in accordance with ch. 685, § 4(b), 1985 Tex. Gen. Laws 2472, 2473. The substance of article 44.24(b) is now contained in TEX.R.APP.P. 80(b).

The correction of a judgment is no longer prohibited on grounds that a verdict that contains unauthorized punishment is void ab initio. However, the power to reform granted by article 37.10(b) does not include the power to *add* punishment to incomplete verdicts, even if the addition is de minimus. An appellate court is authorized only "to *omit* the punishment not authorized by law." TEX.CODE CRIM.P.ANN. art. 37.10(b) (Vernon Supp.1990) (emphasis added).

Because we do not have authority to reform by additur—even minimally—we reverse the judgment and remand to the trial court for a new punishment hearing. TEX. CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp.1990).

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published.