**Torey Junius SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–00441–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 25, 1999.

20. *McCreight v. City of Cleburne,* 940 S.W.2d 285, 288 (Tex.App.—Waco 1997, writ denied).

21. *Id.*

22. *Id.*

Terrence A. Gaiser, Houston, for Appellant.

John B. Holmes, Carmen Castillo Mitchell, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and NUCHIA.

## OPINION

MURRY B. COHEN, Justice.

Appellant pled guilty, without an agreed sentence, to possession with intent to deliver at least 400 grams of cocaine, and the trial judge assessed punishment at 15 years imprisonment. We vacate the part of the judgment assessing punishment and remand for a new punishment hearing.

In one point of error, appellant contends a new punishment hearing is required because the trial judge did not assess the fine mandated by TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (Vernon Supp.1999).[1] We agree.

■ The trial judge erred by not assessing the fine. TEX. HEALTH & SAFETY CODE ANN. § 481.112(f); Reed v. State, 795 S.W.2d 19, 19–20 (Tex.App.—Houston [1st Dist.] 1990, no pet.). We cannot reform the judgment by adding punishment of any amount, as the State suggests. Reed, 795 S.W.2d 2d at 20; Land v. State, 890 S.W.2d 229, 234 (Tex.App.—Beaumont 1994, no pet.). Nor

has appellant waived his complaint by not raising it below. See Heath v. State, 817 S.W.2d 335, 336 (Tex.Crim.App.1991). A void sentence cannot be waived. Ex Parte Sims, 868 S.W.2d 803, 804 (Tex.Crim.App. 1993). Thus, the sole remedy is a new punishment hearing. Reed, 795 S.W.2d at 20; accord Young v. State, 922 S.W.2d 676, 678 (Tex.App.—Beaumont 1996, pet. ref'd).

■ We regret that we must order this remedy. The error of not imposing a fine obviously benefitted appellant. Generally, we will reverse only when harmful error occurred. TEX.R.APP. P. 44. We believe we have no choice, however. The Court of Criminal Appeals has repeatedly held that a sentence outside the statutory limits is absolutely void and that we have no authority to reform a sentence even by reducing it. Ex Parte Sims, 868 S.W.2d at 804; Heath, 817 S.W.2d at 336; Bogany v. State, 661 S.W.2d 957, 958–59 (Tex.Crim.App.1983). Although the legislature changed the rule in Bogany by enacting TEX.CODE OF CRIM. P. ANN. art. 37.10 (Vernon Supp.1999), that statute does not apply here because it allows courts to "omit" punishment, not to add it.

We sustain the point of error, reverse the part of the judgment assessing punishment, and remand for a new punishment hearing.

En banc consideration was requested.

A majority of the justices of the Court voted to overrule the request for en banc consideration.

Justice TAFT dissenting from the overruling of the request for en banc consideration.

TAFT, Justice, dissenting from the overruling of the request for en banc consideration.

Appellant entered a plea of guilty without a recommendation, and essentially threw himself upon the mercy of the court to determine punishment. The offense was punishable by imprisonment for 15 years to 99 years or life and a fine not to exceed $250,000. TEX. HEALTH & SAFETY CODE ANN.

---

1. "An offense under this Subsection (a) is punishable by imprisonment ... and a fine not to exceed $250,000...." TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (Vernon Supp.1999).

§ 481.112(f) (Vernon Supp. 1999). The court sentenced appellant to 15 years in prison, but apparently did not assess a fine.[1] Appellant is now before us to complain that he should have a new punishment hearing. Why? *Because of error that unquestionably benefitted him.* To reverse a case for error that benefits a defendant seems, to me, absurd! It is one thing to reverse a case because we are constrained by controlling precedent. I am not convinced that we are so constrained in this case, however. Therefore, I respectfully dissent.

The panel opinion relies on the principle that error in assessing an unauthorized sentence renders the punishment void at its inception. However, the principle is not absolute. Indeed, it has already been undercut by 1985 legislation that permits reformation of a jury's verdict that erroneously assesses an unauthorized punishment (such as a fine), in addition to an authorized imprisonment. *See* TEX. CODE CRIM. P. ANN. art. 37.10(b) (Vernon Supp. 1999). Article 37.10(b) authorizes appellate courts to reform and correct the error by simply deleting the unauthorized punishment. We have applied this rule, which allows appellate courts to reform erroneous verdicts and judgments to remove unauthorized portions, to ignore the unauthorized dismissal of a driving while intoxicated conviction upon termination of probation. *See Mahaffey v. State,* 937 S.W.2d 51, 54–55 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Under the present state of the law, the principle that unauthorized verdicts or judgments are "void at inception" has been replaced by a concept that requires appellate courts to determine whether unauthorized portions can be cured by reformation.

When, as here, the statute governing punishment imposes only an upper limit on a fine, I suggest that reforming the sentence to include a fine of $0.00 satisfies the statute without increasing the sentence assessed by the trial court.[2] After all, the statute does not require a minimal amount as a fine; it merely requires a fine. If the will of the legislature would not be frustrated by a fine of $0.01, it is hard to see how it would be frustrated by a fine of $0.00. Because the trial court assessed the minimum term of imprisonment, this reformation also fully realizes the trial court's obvious intent to assess the minimum punishment in this case.

Another way to deal with error of the sort raised here is to hold that the error was waived for lack of objection in the trial court. The trial court could have easily remedied its error had appellant timely objected. The panel majority opinion relies on *Heath v. State,* 817 S.W.2d 335 (Tex. Crim. App. 1991), for the proposition that complaint about an unauthorized punishment is not waived by failing to object. In *Heath,* the defendant was given an unauthorized probation pursuant to a plea bargain agreement and objected to the unauthorized probation only after it was revoked. *Id.* at 336. I suggest that this case is distinguishable. While Heath suffered increased punishment when his unauthorized probation was revoked, appellant has received a benefit by having no fine assessed. There is no possibility that the State could come back later and increase appellant's punishment, as in *Heath.* Furthermore, the rationale of *Heath* harkened back to the century-old rule that unauthorized punishments are void at their inception. *See id.* at 339.

If neither this Court nor the Court of Criminal Appeals can avoid *reversing a case for error that benefitted appellant,* then perhaps the legislature should consider either making the fines optional or allowing appellate courts to uphold convictions when

---

1. Because appellant waived his right to have a court reporter transcribe the punishment hearing, we have no basis for doubting the judgment recitation that no fine was assessed. Furthermore, the docket sheet supports the judgment. We also have no way to determine whether appellant objected to the lack of fine. The written admonishments reflect that appellant was made aware that a fine was mandatory, however.

2. Reforming to assess a fine of $0.00 would not conflict with this Court's opinion in *Reed v. State,* 795 S.W.2d 19 (Tex. App.—Houston [1st Dist.] 1990, no pet.). In rejecting the State's request to assess a minimal fine of 99 cents, we held we could not reform to *add* to the punishment assessed. *Id.* at 20–21. Thus, I agree with the panel opinion that we cannot accept the State's recommendation to add even a minimal fine of $0.01.

mandated fines were mistakenly omitted. In the meantime, I vigorously dissent to what I consider an absurd, and unnecessary, result.

En banc consideration was requested.

A majority of the justices of the Court voted to overrule the request for en banc consideration.