Opinion issued March 10, 2005






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00008-CR




ALBERTO GARDUNO IBARRA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 924409




O P I N I O N

          Appellant, Alberto Garduno Ibarra, pleaded guilty, without an agreed
punishment recommendation, to aggravated first degree possession with intent to
deliver a controlled substance, namely cocaine, weighing over 400 grams in violation
of section 481.112(a) of the Health and Safety Code. See Tex. Health & Safety
Code Ann. § 481.112(a) (Vernon 2003).


 Because the amount of cocaine was more
than 400 grams, the offense was punishable by confinement for life or 15 to 99 years
and a fine not to exceed $250,000. Id. § 481.112(f). The trial court orally
pronounced appellant’s punishment at 15 years confinement. The written judgment
and sentence reflected the 15 years confinement, but included a $1 fine that was not
orally pronounced.
          Appellant’s court appointed counsel filed a motion to withdraw as counsel, a
hybrid Anders brief, and a brief on the merits in which she concludes that the appeal
is wholly frivolous and without merit, with one exception. See Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).


 Counsel asserts that the $1 fine
contained in the written judgment, but not orally pronounced to appellant, violated 
Code of Criminal Procedure article 42.03 section 1(a). See Tex. Code Crim. Proc.
Ann. art. 42.03 § 1(a) (Vernon Supp. 2004–2005). Appellant’s counsel requests that
this Court reform the judgment by deleting the fine. 
          The State has filed a brief in which it agrees that the point of error has merit. 
The State argues that the remedy is not to delete the $1 fine, but for us to remand the
case for a new punishment hearing. We agree with the State.  
Discussion
          A sentence must be orally pronounced in the defendant’s presence. Tex. Code
Crim. Proc. Ann. art. 42.03 § 1(a); Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim.
App. 2004). The sentence and judgment are just the written declaration and
embodiment of the oral pronouncement. Tex. Code Crim. Proc. Ann. art. 42.01 
§ 1; Taylor, 131 S.W.3d at 500. When the written sentence and judgment conflict
with the oral pronouncement, the oral pronouncement controls. Taylor, 131 S.W.3d
at 500; Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Here, the
reporter’s record shows that the trial judge did not orally pronounce a fine in
appellant’s presence at the sentencing hearing. Therefore, the judgment incorrectly
includes the $1 fine.
          Health and Safety Code section 481.112(f) requires both confinement and a
fine. Tex. Health & Safety Code Ann. § 481.112(f); Reed v. State, 795 S.W.2d
19, 19 (Tex. App.—Houston [1st Dist.] 1990, no pet.); see also Aguirre-Mata v.
State, 26 S.W.3d 922, 925 (Tex. App.—Houston [1st Dist.] 2000), aff’d, 125 S.W.3d
473 (Tex. Crim. App. 2003). The trial judge erred in not assessing a fine as required
for a conviction under section 481.112(f). See Tex. Health & Safety Code Ann.
§ 481.112(f); Scott v. State, 988 S.W.2d 947, 948 (Tex. App.—Houston [1st Dist.]
1999, no pet.). 
          A sentence outside the statutory limits is void. Ex parte Sims, 868 S.W.2d 803,
804 (Tex. Crim. App. 1993). A void sentence cannot be waived. Id. We have no
authority to reform the sentence by adding a punishment of any amount, even in the
interest of judicial economy and fairness or even if the addition is de minimus. Reed,
795 S.W.2d at 19–21; Scott, 988 S.W.2d at 948. The only remedy is a new
punishment hearing. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp.
2004–2005); Scott, 988 S.W.2d at 948. 
          We sustain appellant’s point of error.
Conclusion
          We affirm the judgment of the trial court which finds appellant guilty of
aggravated first degree possession with intent to deliver a controlled substance. 
Because we conclude that appellant’s sentence is void, we reverse the judgment of
the trial court and remand the case for a new punishment hearing pursuant to article
44.29(b) of the Texas Cod of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
Art. 44.29(b) (Vernon Supp. 2004–2005).
 
 
          We deny counsel’s motion to withdraw.
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Publish. Tex. R. App. P. 47.2(b).