PD-1484-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/16/2015 11:00:57 AM
Accepted 11/17/2015 11:42:59 AM
ABEL ACOSTA
CLERK

# PD-1484-15

NO. _____

## IN THE COURT OF CRIMINAL APPEALS

### OF THE STATE OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### THE STATE OF TEXAS,

Appellant,

### V.

### PHILIP DEVON DEEN,

Appellee.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Appeal From The Court of Appeals, Eleventh Judicial
District, Eastland, Texas
Cause Number 11-13-00271-CR
The 350th District Court of Taylor County, Texas
Honorable Thomas Wheeler, Presiding Judge
Trial Court Cause Number 8104-D

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATE'S PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

James Eidson
Criminal District Attorney
Taylor County, Texas
300 Oak Street, Suite 300
Abilene, Texas 79602
325-674-1261
325-674-1306 FAX

BY: Britt Lindsey
Assistant District Attorney
400 Oak Street, Suite 120
Abilene, Texas 79602
State Bar No. 24039669

FILED IN
COURT OF CRIMINAL APPEALS

November 17, 2015

ABEL ACOSTA, CLERK

### THE STATE REQUESTS ORAL ARGUMENT

NO. _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATE OF TEXAS, APPELLANT
## V.
## PHILIP DEVON DEEN, APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:** State of Texas

**Appellee:** Philip Devon Deen

**Trial Attorney for State:**

James Eidson
Criminal District Attorney
Taylor County Courthouse
300 Oak Street, Ste. 300
Abilene, Texas 79602

**Trial Attorney for Appellee:**

Bill Fisher
Attorney at Law
1605 South Third Street
Abilene, Texas 79602

**Appeal Attorney for State:**

Britt Lindsey
Assistant District Attorney
400 Oak St., Suite 120
Abilene, Texas 79602

**Appeal Attorney for Appellee:**

Richard E. Wetzel
Attorney at Law
1411 West Ave., Ste.100
Austin, Texas 78701

**Presiding Judge:**

Honorable Thomas Wheeler
350th District Court
300 Oak St.
Abilene, Texas 79602

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................................. i

Table of Contents ......................................................................................... ii

Index of Authorities ..................................................................................... iii

Statement Regarding Oral Argument ........................................................... 1

Statement of the Case .................................................................................... 2

Grounds for Review ........................................................................................ 3

    1. Appellee should be estopped from claiming the conviction used to enhance his punishment is void when he pleaded true to the enhancement paragraph at trial........................3

    2. If Appellee is not estopped from arguing on appeal that his prior conviction is void by his plea of true, his case should be remanded to the trial court for a factual determination on that issue...............................................................................4

Argument and Authorities ........................................................................ 4-15

Conclusion.....................................................................................................15

Prayer............................................................................................................ 16

Certificate of Compliance ............................................................................ 18

Certificate of Service.................................................................................... 18

Appendix ....................................................................................................... 19

# INDEX OF AUTHORITIES

## CASES

*Ex Parte Williams,* 63 S.W.3d 656, 659 (Tex. Crim. App 2001)...... 2

*Nix v. State,* 65 S.W.3d 664 (Tex. Crim. App. 2001) ..................... 15

*Rhodes v. State,* 240 S.W.3d. 882 (Tex.Crim. App. 2007) ......*passim*

*Wilson v. State,* 677 S.W.2d 518 (Tex. Crim. App. 1984)................ 8

## STATUTES

TEX. CODE CRIM. PROC. art. 42.12, § 3g(a)(1)(F) (West 2014) ......... 4

TEX. PENAL CODE. ANN. § 12.35(c)(2)(A) (West 2014)...................... 4

No. _____

In The Texas Court of Criminal Appeals

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The State of Texas,

APPELLANT,

V.

Phillip Devon Deen,

APPELLEE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Appeal From
The Eastland Court of Appeals
Eleventh Judicial District, Eastland, Texas
Cause Number 11-13-00271-CR
The 350th District Court of Taylor County, Texas
Honorable Thomas Wheeler, Presiding Judge
Trial Court Cause Number 8104-D

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATE'S PETITION FOR DISCRTIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO THE HONORABLE COURT OF APPEALS:**

Now comes The State of Texas, by and through the undersigned Assistant District Attorney and submits this Petition for Discretionary Review pursuant to TEX. R. APP. PROC. 68. The State further requests oral argument.

**STATEMENT REGARDING ORAL ARGUMENT**

1

This case presents a novel question in an area which previous opinions of this Court has characterized as having "a dearth of case law." *Rhodes v. State,* 240 S.W.3d. 882, 890-91 (Tex.Crim. App. 2007) (quoting *Ex Parte Williams,* 63 S.W.3d 656, 659 (Tex. Crim. App 2001)(Keller, P.J., concurring)). Because of the unusual issues presented in this case and its possible implications in sentence enhancement across the State, the State believes oral argument would benefit the Court and respectfully requests the same.

## STATEMENT OF THE CASE

Appellee was convicted of possession of cocaine in an amount less than one gram, a state jail felony. At punishment, Appellee pleaded true to a prior conviction in an enhancement paragraph raising the range of punishment to that of a third degree felony. On appeal, Appellee argued that his prior conviction was void due to a sentence below the statutory minimum. The Eastland Court of Appeals agreed and remanded to the trial court for a new hearing on punishment.

## STATEMENT OF PROCEDURAL HISTORY

Appellee was found guilty by a jury on April 16, 2013, of possession of cocaine in and amount less than one gram, and opted to have punishment assessed by the judge of the trial court. (RR3: 140) (CR1: 41, 55-56) A prior conviction of aggravated robbery was alleged in the indictment, enhancing the range of punishment from a state jail felony range to a third degree felony range. (CR1: 6, 62) Appellee entered a plea of true to the prior conviction and the pen packet was entered into evidence. (RR4: 4, 7-8; RR5: SX 1(punishment)). The trial court sentenced Appellee to four years TDCJ-ID on August 22, 2013, and Appellee appealed to the Eastland Court of Appeals on August 22, 2014. (RR4: 40) (CR1: 58-59). On October 15, 2015, the Eastland Court of Appeals issued its opinion reversing the sentence of the trial court and remanding Appellee's case for a new hearing on punishment. *See Opinion of the Court, Appendix.* No Motion for Rehearing was filed.

## GROUNDS FOR REVIEW

1. **Appellee should be estopped from claiming the conviction used to enhance his punishment is**

**void when he pleaded true to the enhancement paragraph at trial.**

2. **If Appellee is not estopped by his plea of true from arguing on appeal that his prior conviction is void, his case should be remanded to the trial court for a factual determination on that issue.**

## ARGUMENT AND AUTHORITIES

Phillip Devon Deen, Appellee, was indicted for possession of cocaine in an amount of less than one gram, a state jail felony, in the 350th District Court. HEALTH & SAFETY §§ 481.102(3)(D), 481.115(b) (West 2014); TEX. PENAL CODE. ANN. § 12.35(a), (b) (West 2014). The State relied on Appellee's prior conviction for first degree felony aggravated robbery, an offense listed in Section 3g(a)(1) of the Texas Code of Criminal Procedure, to seek an enhanced sentence under Section 12.35(c)(2)(A) of the Texas Penal Code. TEX. PENAL CODE. ANN. § 12.35(c)(2)(A) (West 2014); TEX. CODE CRIM. PROC. art. 42.12, § 3g(a)(1)(F). Appellee was originally placed on deferred adjudication for the aggravated robbery, but the trial court subsequently entered a judgment adjudicating his guilt on August 27, 2009 and sentenced Appellee to four years in

4

prison, which is below the statutory minimum. A sentence below the statutory minimum is void unless it is the result of a plea bargain on the part of the defendant.

At the punishment hearing for the possession of cocaine, Appellee pleaded true to the prior conviction of aggravated robbery. (RR4: 4) Based on Appellee's plea of true, no evidence regarding the 2009 aggravated robbery was offered by the State other than a pen packet containing the judgment of conviction. (RR4: 8) On appeal Appellee argued that his prior conviction was void because no evidence was offered into the record showing that the sentence of four years was the result of a plea agreement. No evidence was presented because the State relied on the defendant's plea of true to the aggravated robbery conviction, and the court made no explicit finding that the prior conviction was void or not void because Appellee did not raise the issue.

1. *Appellee should be estopped from claiming the conviction used to enhance his punishment is void when he pleaded true to the enhancement paragraph at trial*

5

At the punishment phase of his trial, Appellee pleaded true to the enhancement paragraph of his indictment alleging the prior conviction for aggravated robbery. On appeal, Appellee challenges that same conviction as void because of a sentence below the statutory range of punishment, claiming that there is no evidence that the lenient sentence was the result of a plea bargain. However, no evidence of a plea bargain in the prior conviction was entered because the State relied on Appellee's plea of true. Appellee should be estopped from arguing counter to his own plea of true on Appeal, and the Eastland Court of Appeals erred in declaring Appellee's prior conviction void and remanding his case to the trial court for a new hearing on punishment.

In the opinion issued on October 15, 2015, the Eastland Court found that Appellee's prior conviction for aggravated robbery was void due to his four year sentence being below the statutory minimum for a first degree felony, and that it accordingly could not be used to enhance his current state

6

jail felony possession of cocaine. The Appellee should be estopped from arguing that his prior conviction is void due to his plea of true to the prior conviction and the State's reliance on that plea of true.

In general, a sentence for less than the statutory minimum or more than the statutory maximum allowed by law renders a judgment of conviction a nullity. *See, e.g. Wilson v. State,* 677 S.W.2d 518 (Tex. Crim. App. 1984) (prior first degree felony conviction with four year sentence could not be used for enhancement in subsequent felony). However, an exception exists when a defendant enters into a plea bargain with the State for a sentence below the mandatory minimum. When the defendant himself contracts with the State for a sentence below the minimum, he is then estopped from declaring that same sentence void at a later date. This "estoppel by judgment" exception was articulated by this Court in the case of *Rhodes v. State,* 240 S.W.3d. 882 (Tex. Crim. App. 2007).

In *Rhodes,* the defendant was serving sentences of three years and forty-five years for burglary and aggravated sexual assault, respectively. *Rhodes,* 240 S.W.3d at 884. While being bench warranted to Smith County to answer for a theft charge, defendant escaped; after he was apprehended he was sentenced to two years in state jail for the theft and ten years for the escape, to run concurrently with one another. *Id.* Appellee later committed more felony offenses and was charged with burglary of a habitation, escape and theft. *Id.* At trial, the defendant filed a motion to quash an enhancement paragraph regarding his prior Smith County escape conviction on the grounds that it was void because it was run concurrently with his other offenses rather than consecutively as required by Tex. Crim. Pro. art. 42.08(b). *Id.* In other words, the defendant claimed he "received a judgment that was illegally lenient by having his sentence run concurrently instead of consecutively." *Id.* On appeal, the court of appeals agreed and found that the trial court's failure to order that the escape sentence run consecutively

8

with the prior aggravated sexual assault sentence rendered the escape judgment void and thus unusable for enhancement purposes. *Id. at 885.* The State filed a Petition for Discretionary Review.

This Court granted the State's Petition for Discretionary Review and reversed the holding of the court of appeals. The Court predicated its holding on two grounds: (1) if the defendant did not enter into a plea agreement on the concurrent sentencing issue, the judgment was not subject to collateral attack as void because the judgment could be corrected by an order *nunc pro tunc* reforming the sentence, and (2) if the defendant did enter into a plea agreement on the concurrent sentencing issue, he was now estopped from challenging the judgment. *Id.* at 887. After an examination of case law from other jurisdictions, the Court reasoned that:

> A defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency. Here, appellant received a judgment that was illegally

9

lenient by having his sentence run concurrently instead of consecutively. Had he complained about the illegal leniency at the time of trial, or even on direct appeal, the State could likely have obtained a legal judgment that would now be available for enhancement purposes. But instead, appellant quietly enjoyed the benefits of the illegally lenient judgment, challenging it now only because, due to his own subsequent criminal conduct, the judgment can be used to enhance his punishment for a new offense. If he agreed to the concurrent sentencing provision, then through his own conduct he helped procure and benefit from the illegality and he should not now be allowed to complain.

*Rhodes* at 892. In the instant case, the Eastland Court of Appeals distinguished *Rhodes* by noting the requirement of a plea agreement before the estoppel requirement could be applied. The Court further noted that counsel for the State conceded in her brief that "there is insufficient documentation to show whether the prior conviction was a result of a plea-bargain agreement." However, the State conceded only that that the record was silent on that point, not that no such documentation existed or that no plea bargain could have been proved at trial. The reason that the record is silent on this point is because Appellee pleaded true

to the prior conviction of aggravated robbery, thus obviating any further proof of its validity.

In *Rhodes,* the defendant filed a motion to quash the enhancement paragraph at the time of trial alleging that it was void due to a too lenient sentence. *Rhodes* at 884. Here, Appellee did not file a motion to quash, or even stand silent to the enhancement allegation. Rather, Appellee entered a plea of true to the enhancement paragraph, which the State relied upon to its detriment. Had Appellee not pleaded true to the enhancement allegation, the State could have addressed the issue of whether or not the too-lenient sentence resulted from a plea agreement, with the guidance of the *Rhodes* case. This issue could have been addressed a number of ways: notations from the docket sheet could have shown that Appellee agreed to a four year sentence per a plea agreement, or the original prosecutor in the case could testify as to any agreement between the parties. Because the prior aggravated robbery sentencing was also in the 350th District Court and before the same presiding judge, the

11

judge could have stated his recollection from the bench or stated what his usual practice is regarding sentencing defendants to prison terms below the statutory minimum in the absence of a plea agreement. Appellee's silence at trial is exactly the same conduct that *Rhodes* forbids, repeated twice: Appellee, having pleaded true to the enhancement paragraph, now complains that his plea of true was relied upon. Appellee should be estopped from collaterally attacking his own plea of true to his enhancement paragraph.

> *2. If Appellee is not estopped by his plea of true from arguing on appeal that his prior conviction is void, his case should be remanded to the trial court for a factual determination on that issue*

Appellee argues that his prior conviction for aggravated robbery is void because his sentence of four years is below the statutory minimum for a first degree felony. However, case law from this Court establishes that a defendant is estopped from claiming that a sentence below the statutory minimum is void when the defendant received

12

that sentence due to a plea bargain entered into with the State. No evidence was adduced or entered on that point in the trial court because the State relied on Appellee's own plea of true to the prior conviction. If Appellee is now allowed to contravene that plea of true, the issue should be remanded to the trial court for a factual determination as to whether Appellee's four year sentence for aggravated robbery was the result of a plea bargain. The Court of Appeals erred when it declared Appellee's prior conviction void when no evidence was entered on that point in the trial court due to Appellee's own plea of true.

If Appellee is now allowed to raise the question of whether his prior conviction for aggravated robbery is void due to an illegally lenient sentence, that question should be remanded to the trial court for a factual determination. The sentence of four years in the prior aggravated robbery is not void on its face; as per *Rhodes,* it is dependent on whether it was due to a plea agreement on the part of Appellee. The record in the trial court is silent on that point, but as stated

13

above it is silent due to Appellee's own doing in pleading true to the enhancement allegation.

The Eastland Court of Appeals noted that the State conceded in its brief "that there is insufficient documentation to show whether the prior conviction is the result of a plea agreement," and went on to state that in light of *Rhodes*'s requirement of a plea agreement before applying the doctrine of estoppel by judgment that "the court declines to extend the estoppel doctrine in the absence of a plea agreement." *Court's opinion at 13.* Respectfully, this assumes that no plea agreement exists when that has not been demonstrated due to Appellee's own plea of true. Had Appellee done as the defendant in *Rhodes* did in filing a Motion to Quash the enhancement paragraph (or at a bare minimum not pleaded true to it), the State could have responded by presenting evidence of an existing plea agreement in the prior conviction. By pleading true to the enhancement paragraph and subsequently asserting it to be

14

void when convenient to do so, Appellee both creates his own harm and reaps the benefit of it.

In its opinion the Court of Appeals noted that "a void judgment is a nullity and may be attacked at any time," quoting *Nix v. State,* 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). This does not entitle Appellee to declare his own sentence void when the State has been afforded no opportunity to respond with evidence to the contrary. As stated above, the State's position is that Appellee is estopped by his plea of true from now asserting that his prior conviction is void, but should Appellee be allowed to do so the issue should be remanded to the trial court for an evidentiary hearing and a determination on the record.

## CONCLUSION

If Appellee is allowed to collaterally attack his prior sentence as void after pleading true to his enhancement paragraph, criminal defendants who reoffend after plea bargaining for sentences below the minimum will have a means of circumventing the use of prior convictions in

15

contravention of both the Legislature's enhanced sentencing scheme and the case law of this Court regarding estoppel by judgment. The Eastland Court of Appeals erred in its opinion and the negative implications of that error requires reversal.

## PRAYER FOR RELIEF

The State respectfully requests that this Court reverse the ruling of the Eastland Court of Appeals on the grounds that Appellee is estopped from asserting that his prior conviction is void by his plea of true to that conviction in the trial court. Alternatively, should Appellee now be allowed to make that assertion, the State requests that the issue be remanded to the trial court for a factual determination as to whether a plea agreement existed in the prior conviction, thus estopping Appellee from collaterally attacking that conviction.

Respectfully submitted,

James Eidson
Criminal District Attorney
Taylor County, Texas
300 Oak Street

Abilene, Texas 79602
325-674-1261
325-674-1306 FAX

BY: /s/ Britt Lindsey
BRITT LINDSEY
Assistant District Attorney
Appellate Section
400 Oak Street, Suite 120
Abilene, Texas 79602
325-674-1376
325-674-1306  FAX
State Bar No. 24039669
Attorney  for the State

## CERTIFICATE OF SERVICE

This is to certify that on November 16, 2015 a copy of the foregoing instrument has been served via mail, email or e-filing to the following:

Richard E. Wetzel
Attorney at Law
1411 West Ave., Ste.100
Austin, Texas 78701

Email: wetzel_law@1411west.com


Lisa C. McMinn
State Prosecuting Attorney
209 W. 14th Street
Austin, Texas 78701

Email: information@SPA.texas.gov


/s/ Britt Lindsey_____
BRITT LINDSEY
Assistant District Attorney
Appellate Section
400 Oak Street, Suite 120
Abilene, Texas 79602
325-674-1376
325-674-1306  FAX
State Bar No. 24039669
Attorney  for the State

## CERTIFICATE OF COMPLIANCE

This is to certify that the sections covered by Texas Rule of Appellate Procedure 9.4(i)(1) contain 2258 words in 14 point type.

s/ Britt Lindsey
BRITT LINDSEY

# APPENDIX: OPINION OF THE 11TH COURT OF APPEALS

Opinion filed October 15, 2015



In The

# Eleventh Court of Appeals

_____

No. 11-13-00271-CR

_____

## PHILLIP DEVON DEEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9902-D**

## MEMORANDUM OPINION

Phillip Devon Deen appeals his jury conviction for the offense of possession of cocaine in an amount of less than one gram, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(b) (West 2010). The State alleged a prior conviction for aggravated robbery as an enhancement. *See* TEX. PENAL CODE ANN. § 12.35(c)(2)(A) (West Supp. 2014). Appellant pleaded "true" to the prior aggravated robbery conviction, and the trial court assessed his punishment at confinement for a term of four years in the Texas Department of

Criminal Justice, Institutional Division. Appellant raises four issues on appeal, challenging both his conviction and his punishment. We modify the judgment of conviction to correct an error concerning the level of the offense for which he was convicted. As modified, the judgment of conviction is affirmed. However, we reverse the judgment with respect to Appellant's punishment and remand for a new trial on punishment.

*Background Facts*

Chris Collins, a police officer with the Abilene Police Department, received an alert to look for a white Infinity with Louisiana license plates because of a suspicion that the driver was selling cocaine. Officer Collins located the vehicle, observed a traffic violation, and initiated a traffic stop. Appellant was the driver of the vehicle. Officer Collins spoke with Appellant, and based on that conversation and the information Officer Collins had received about Appellant, Officer Collins asked Appellant to exit the vehicle—whereupon Officer Collins handcuffed Appellant.

Officer Collins requested assistance from a K-9 officer, and Ismael Jaimes, a K-9 officer with the Abilene Police Department, arrived with his dog, Chavo, and conducted an open-air sniff around Appellant's vehicle with Chavo. Based upon Chavo giving a positive alert, Officer Jaimes and Chavo searched the inside of Appellant's vehicle. Officer Jaimes found a pill bottle inside the center console/armrest. The pill bottle contained four small rocks that the DPS chemist confirmed consisted of less than one gram of cocaine. Officer Collins questioned Appellant about what the officers had found in Appellant's vehicle without first telling him or showing him what they had found, and Appellant said that it was the "stuff I smoke," "crack." Appellant told Officer Collins that "four rocks" were located in the armrest. Officer Collins's dash-cam equipment recorded his conversation with Appellant.

2

*Issues on Appeal*

In his first issue, Appellant alleges ineffective assistance of counsel. Appellant's first issue is comprised of six sub-issues. The first four sub-issues deal with counsel's performance during the guilt/innocence phase, and the last two sub-issues relate to the punishment phase. Appellant's second issue deals with the trial court's admission of evidence during the guilt/innocence phase. In his third issue, Appellant challenges his sentence based upon the contention that his prior conviction for aggravated robbery was void. In his fourth issue, Appellant asks for the judgment to reflect that the jury convicted him of a state jail felony rather than a third-degree felony.

*Ruling on Nonresponsive Objection*

We begin our analysis by addressing Appellant's second issue because it concerns the guilt/innocence phase and is related to one of the sub-issues contained within his first issue alleging ineffective assistance of counsel. Appellant contends that the trial court erred when it overruled Appellant's "nonresponsive" objection to Officer Collins's testimony about Appellant being recently released from prison. The following dialogue occurred between defense counsel and Officer Collins during cross-examination:

Q. Okay. You talked to him for a little while and then he gets out of the car and you handcuff him?

A. That's correct.

Q. Is that normal procedure?

A. Based on the conversation we had and while I was standing at the vehicle, I placed him in handcuffs for my safety.

Q. Based on conversation you had. You've said that several times, but you're not telling us anything about what the conversation is that led you to believe that you had a reason to arrest him.

3

A. He told me his driver's license was suspended, that he wasn't supposed to be driving, and that he was just recently released from prison.

Q. Did he tell you -- did he tell -- let me back up.

[DEFENSE COUNSEL]: Your Honor, I'm going to have to object to the last thing he said about being -- about prison. I don't think that my question led to that. I'm asking him what he's based this on, and surely he didn't base it on that.

THE COURT: [Defense Counsel], I took the question to be what did he tell you, even though that wasn't the words -- you haven't told us what he said -- so your objection for nonresponsive is overruled. I believe the door was opened for that response.

[DEFENSE COUNSEL]: Okay.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *See Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). We conclude that the trial court did not abuse its discretion by overruling Appellant's "nonresponsive" objection because the officer's answer appeared to be responsive to trial counsel's question about the conversation that the officer had with Appellant that led to Appellant's arrest.

Moreover, a "'nonresponsive' objection alone, however, merely informs the trial court why the objection was not made prior to the answer being given." *Jackson v. State*, 889 S.W.2d 615, 617 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (quoting *Smith v. State*, 763 S.W.2d 836, 841 (Tex. App.—Dallas 1988, pet. ref'd)). Even after the "nonresponsive" portion of the objection is made, there remains the question of the testimony's admissibility. *Id.* In this context, in order

4

to properly exclude evidence or obtain an instruction to disregard, a party must address in its objection both the nonresponsiveness and the inadmissibility of the answer. *Id.* Furthermore, a blanket "nonresponsive" objection alone is an insufficient objection to preserve error where the response is a hybrid answer—that is, where a portion of the answer is objectionable and a portion of the answer is not objectionable. *Id.* Accordingly, trial counsel's objection solely on the basis that the officer's answer was not responsive did not present a valid basis for the trial court to exclude the officer's answer. We overrule Appellant's second issue.

*Ineffective Assistance of Counsel*

In his first issue, Appellant asserts ineffective assistance of counsel in six sub-issues. He contends that his trial counsel's performance was deficient because he (1) failed to object to the admissibility of Officer Collins's dash-cam video, (2) elicited testimony that police officers suspected Appellant of selling cocaine, (3) opened the door to the admissibility of Officer Collins's testimony that Appellant had recently been released from prison, (4) failed to request a jury instruction on extraneous offenses, (5) failed to object to an invalid conviction used to enhance punishment, and (6) failed to object to the prosecutor's questions at punishment that violated the attorney-client privilege. To determine whether Appellant's trial counsel rendered ineffective assistance, we must first determine whether Appellant has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result of the proceeding would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986).

We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be

5

considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). An allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). With respect to allegations of ineffective assistance of counsel, the record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 813–14. The Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). If trial counsel did not have an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We note at the outset of our analysis that Appellant did not file a motion for new trial. Accordingly, the appellate record does not contain an explanation from trial counsel concerning his actions.

Appellant's first sub-issue concerns trial counsel's failure to object to the admissibility of Officer Collins's dash-cam video, specifically the audio portion of the recording. In order to prevail on this contention, Appellant must establish that the evidence was inadmissible because the failure to object to admissible evidence does not constitute ineffective assistance. *See Ex parte Jimenez*, 364 S.W.3d 866, 887 (Tex. Crim. App. 2012).

Appellant contends that the dash-cam video was inadmissible because the State could not establish the predicate for its admissibility. Article 38.22, section 3 of the Texas Code of Criminal Procedure requires that oral statements of an accused be electronically recorded by a device that can make an accurate recording. TEX.

CODE CRIM. PROC. ANN. art. 38.22 § 3(a) (West Supp. 2014). Appellant contends that the recording device was incapable of making an accurate recording because "the voices and the words within the recording were garbled and at points incomprehensible."

Officer Collins testified that his mobile video recording equipment was capable of making an accurate recording of his conversation with Appellant and that he had reviewed the video for accuracy. He explained, however, that the microphone attached to his chest was not working. Accordingly, there was no audio recorded for a large portion of Officer Collins's encounter with Appellant. The only functioning microphone was the one located in the backseat of Officer Collins's patrol car. Appellant's trial counsel did not object to the prosecutor's offer of a portion of the recording into evidence. The prosecutor then published approximately twenty-three minutes of the recording to the jury. The first several minutes of the recording did not contain any audio. Afterward, Officer Collins read Appellant his *Miranda*[1] rights and began questioning him. In response to Officer Collins's question about what would be found in Appellant's car, Appellant stated that the officers would find four rocks of "crack" in his car. After the recording was played for the jury, the prosecutor questioned Officer Collins about the recording as follows:

> Q. Officer Collins, it's difficult to understand, but initially after being read his rights, there was something about smoke. Do you recall what that question was?
>
> A. Yes, I asked him what we found in the vehicle, and he said, The stuff I smoke. And I asked him what he smokes, and he said, Crack.
>
> Q. And was he able to describe for you where it was located?

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

7

A. He said the crack was in the armrest, which is the same as the center console in that vehicle.

Q. Is that where it was found?

A. Yes.

Q. And was he able to describe for you how many crack rocks?

A. We asked him how much was in the car, and he said there was $40 worth. We asked him how much was -- you know, how many rocks were $40 worth, and he said there's four rocks.

As noted previously, Officer Collins testified that his video equipment was capable of making an accurate recording. Accordingly, Appellant's trial counsel may have concluded that this testimony was sufficient to establish the requisite predicate for the admissibility of the recording. To show ineffective assistance of counsel for the failure to object during trial, the appellant must show that the trial judge would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). The record does not establish that the trial court would have erred in overruling the predicate objection that Appellant contends should have been made. Accordingly, Appellant's trial counsel's failure to object to the recording's admissibility was not deficient.

Appellant asserts in his second sub-issue that trial counsel was ineffective when he elicited testimony from Officer Collins that officers suspected Appellant of being a drug dealer. Specifically, trial counsel asked Officer Collins why he was on the lookout for Appellant's vehicle, and Officer Collins responded that the driver of the vehicle was suspected of selling cocaine.

Evidence of other crimes, wrongs, or acts is inadmissible at the guilt/innocence phase of trial to show the accused's conformity with those other acts. TEX. R. EVID. 404(b); *Lockhart v. State*, 847 S.W.2d 568, 570 (Tex. Crim. App.

8

1992). Rule 404(b) incorporates the fundamental tenet of our criminal justice system that an accused may be tried only for the offense for which he is charged, not for his criminal propensities. *Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996). For an extraneous offense to be admissible, it must be relevant apart from supporting an inference of character conformity. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991).

Appellant contends that there could have been no strategic reason for trial counsel to have questioned Officer Collins on the reason the police were interested in Appellant and his automobile. We disagree. It appears that trial counsel was attempting to establish that the officer's reason for stopping and arresting Appellant was pretextual in nature. Thus, trial counsel's questioning about the conversation that Officer Collins had with Appellant leading to Appellant's arrest may have been based on trial strategy. The record does not affirmatively demonstrate that trial counsel's question seeking to determine the officer's basis for stopping Appellant fell below an objective standard of reasonableness.

Appellant's third sub-issue alleging ineffective assistance of counsel is related to his second issue that we have already addressed. As noted above, the trial court concluded that "the door was opened" to Officer Collins's response that Appellant was recently released from prison. Appellant contends that trial counsel's alleged act of opening the door constituted ineffective assistance of counsel. We disagree.

An accused may make otherwise inadmissible evidence admissible by "opening the door" through questions that elicit testimony about extraneous offenses. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). While the trial court ruled that "the door was opened" by trial counsel, the record does not demonstrate that counsel's conduct constituted ineffective assistance of counsel. As was the case with the second sub-issue, it appears that trial counsel was attempting to establish that the officer's reason for stopping and arresting Appellant was

pretextual in nature. Thus, trial counsel's questioning about the conversation that Officer Collins had with Appellant leading to Appellant's arrest may very well have been based on trial strategy. Accordingly, the record does not affirmatively demonstrate that trial counsel's questioning of Officer Collins was deficient.

Appellant's fourth sub-issue alleging ineffective assistance concerns trial counsel's failure to request a jury instruction limiting the jury's consideration of extraneous offenses. The Texas Court of Criminal Appeals has noted that trial counsel might deliberately forego a limiting instruction for extraneous offenses as a part of "trial strategy to minimize the jury's recollection of the unfavorable evidence." *Delgado v. State*, 235 S.W.3d 244, 250 (Tex. Crim. App. 2007) (quoting *United States v. Johnson*, 46 F.3d 1166, 1171 (D.C. Cir. 1995)). Without evidence in the record of trial counsel's strategy, we will not speculate why he did not request a limiting instruction.

In considering Appellant's first four sub-issues alleging ineffective assistance, we have determined that the performance of Appellant's trial counsel during the guilt/innocence phase did not fall below an objective standard of reasonableness. We additionally conclude that Appellant has failed to show there is a reasonable probability that, but for his counsel's alleged errors, the result of the proceeding would have been different. The evidence of Appellant's guilt was overwhelming in that he confessed on the recording to possession of the controlled substance.

Appellant's fifth and sixth sub-issues concern alleged instances of ineffective assistance of counsel occurring during the punishment phase. If Appellant were to prevail on either of these claims, he would be entitled to a new punishment hearing. CRIM. PROC. art. 44.29(b); *see Milburn v. State*, 15 S.W.3d 267, 271–72 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). As set forth below, we conclude that Appellant is entitled to a new trial on punishment with respect to his third issue. Accordingly, we need not address his fifth and sixth sub-issues concerning alleged

10

ineffective assistance of counsel during the punishment phase. We overrule Appellant's first issue alleging ineffective assistance of counsel.

*Illegal Sentence Based on Void Prior Conviction*

In his third issue, Appellant contends that his enhanced, four-year sentence of confinement for a state jail felony is illegal. The State relied upon Appellant's prior conviction for the first-degree felony offense of aggravated robbery to seek an enhanced sentence under Section 12.35(c)(2)(A) of the Penal Code. PENAL § 12.35(c)(2)(A). Appellant contends that this prior conviction was void and unavailable for enhancement purposes because his sentence of confinement for the first-degree felony was below the statutory minimum. We agree.

Possession of less than one gram of cocaine is a state jail felony offense punishable by confinement for any term of not more than two years or less than 180 days and a fine not to exceed $10,000. HEALTH & SAFETY §§ 481.102(3)(D), 481.115(b); PENAL § 12.35(a), (b). A state jail felony offense may be punishable as a third-degree felony offense by enhancement with a prior felony conviction for an offense listed in Section 3g(a)(1) of Article 42.12 of the Texas Code of Criminal Procedure. PENAL § 12.35(c)(2)(A); CRIM. PROC. art. 42.12, § 3g(a)(1). Aggravated robbery is an offense listed in Article 42.12, section 3g(a)(1). CRIM. PROC. art. 42.12, § 3g(a)(1)(F).

The indictment alleged that Appellant had previously been convicted of aggravated robbery in 2009. Aggravated robbery is a first-degree felony with a minimum sentence of confinement of five years. *See* PENAL §§ 12.32, 29.03(b) (West 2011). Appellant pleaded "true" to the prior conviction at the outset of the punishment hearing. The State offered a copy of the judgment from the 2009 conviction for aggravated robbery into evidence. The judgment indicates that Appellant was originally placed on deferred adjudication for a term of eight years but that the trial court subsequently entered a judgment adjudicating guilt on

11

August 27, 2009. However, Appellant was only sentenced to confinement for a term of four years.

Appellant's challenge to the enhancement allegation in this case constitutes a collateral attack on the prior judgment of conviction. *See Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007). Such a collateral attack is permitted only if the prior judgment is void, and not merely voidable. *Id.*; *see Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001) ("A void judgment is a 'nullity' and can be attacked at any time."). The Court of Criminal Appeals addressed an analogous situation in *Wilson v. State*, 677 S.W.2d 518 (Tex. Crim. App. 1984). In *Wilson*, the defendant's punishment was enhanced with a prior conviction for a first-degree felony. 677 S.W.2d at 520, 524. However, the defendant was only sentenced to confinement for a term of four years. *Id.* at 524. The court stated as follows: "It is now axiomatic that the punishment assessed must always be within the minimum and maximum fixed by law. When the punishment assessed is less than the minimum provided by law, this renders the judgment of conviction a nullity." *Id.* The court determined that the defendant's prior judgment of conviction was void and should not have been used against the defendant for enhancement purposes. *Id.*

The State contends that Appellant should be estopped from complaining that his prior sentence was too lenient because he enjoyed the benefits of a sentence that was below the statutory minimum. The State cites *Rhodes* in support of this proposition. We conclude that *Rhodes* is distinguishable from the facts in this case.

The defendant in *Rhodes* was serving time in the penitentiary when he escaped. *Rhodes*, 240 S.W.3d at 884. When recaptured, he was tried and convicted of escape and was sentenced to imprisonment for a term of ten years. *Id.* The trial judge did not expressly order the escape sentence to be served consecutively with the sentences the defendant was serving when he escaped as required by the Code of Criminal Procedure. *Id.*; *see* CRIM. PROC. art. 42.08(b). The defendant later

12

committed more felonies, and the State alleged the prior escape conviction for enhancement purposes. *Rhodes*, 240 S.W.3d at 884. The defendant objected to the use of the escape conviction for enhancement purposes, asserting that the judgment was void because the sentence was ordered to run concurrently with the sentences he was serving when he escaped. *Id.* The court concluded that the judgment for the escape conviction was not void because it could be reformed through a judgment nunc pro tunc to correct the error alleged by the defendant. *Id.* at 887–89. As noted by the court, a judgment of conviction is only void if "the infirmity cannot be cured without resort to resentencing." *Id.* at 888.

The court additionally stated in *Rhodes* that "[a] defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." *Id.* at 892. The court premised this conclusion on the principle of estoppel. *Id.* at 891–92. The record before the court in *Rhodes* did not show whether the concurrent serving of the sentence for the escape conviction was pursuant to a plea agreement. *Id.* at 886–87. Accordingly, the court did not rely upon estoppel grounds for its resolution in *Rhodes*.

The State concedes in this appeal "that there is insufficient documentation to show whether the prior conviction was a result of a plea-bargain agreement." Irrespective of this omission, the State contends that Appellant should still be estopped from attacking the prior conviction because he reaped the benefit of a sentence that was too lenient. In light of *Rhodes*'s requirement of a plea agreement before applying the estoppel doctrine, we decline the State's request to extend the estoppel doctrine in the absence of a plea agreement.

Under *Rhodes*, the controlling question as to whether Appellant may collaterally attack his prior judgment of conviction for aggravated robbery is whether it was void or voidable. The Texas Court of Criminal Appeals determined

13

in *Wilson* that a four-year sentence for a first-degree felony rendered the judgment of conviction void. *Wilson*, 677 S.W.2d at 524. *Rhodes* does not change this result because the infirmity with the judgment of conviction for aggravated robbery cannot be cured without resort to resentencing. *See Scott v. State*, 988 S.W.2d 947, 948 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (A judgment of conviction cannot be reformed by adding punishment.).

As noted previously, a state jail felony is only punishable by up to two years' confinement in state jail. PENAL § 12.35(a). Appellant was sentenced to a term of confinement for four years based upon the enhancement alleged under Section 12.35(c)(2)(A). Appellant's prior judgment of conviction for aggravated robbery was void and could not be used to enhance the punishment to that of a third-degree felony. Accordingly, we sustain Appellant's third issue. We reverse the trial court's judgment as to punishment, and we remand the cause to the trial court for a new punishment hearing. *See* CRIM. PROC. art. 44.29(b).

### Correction of Judgment

In his fourth issue, Appellant asserts that the trial court's judgment incorrectly shows that he was convicted of a third-degree felony. We agree. The jury actually convicted Appellant of a state jail felony offense. The enhancement only affected the applicable punishment range and not the degree of the offense for which he was convicted. *See* PENAL § 12.35(c) ("An individual *adjudged guilty of a state jail felony* shall be punished for a third degree felony if it is shown on the trial of the offense that . . . ." (emphasis added)). Accordingly, we sustain Appellant's fourth issue. We modify the trial court's judgment to correctly show that the jury convicted Appellant of a state jail felony offense. *See* TEX. R. APP. P. 43.2(b).

### This Court's Ruling

We modify the judgment of the trial court to reflect that Appellant was convicted of a state jail felony offense. As modified, the judgment of conviction is

14

affirmed. However, we reverse the trial court's judgment as to punishment and remand the cause for a new punishment hearing consistent with this opinion.

JOHN M. BAILEY

JUSTICE

October 15, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.